**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Henry W. SCHAUBLE II,**
**Defendant-Appellant.**

**No. 79–2022.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Dec. 16, 1980.

Decided April 14, 1981.

Rehearing Denied June 5, 1981.

Emerson B. Semple, Denver, Colo. (Joseph Saint-Veltri, Denver, Colo., with him on the brief), for defendant-appellant.

Vernon E. Lewis, Asst. U. S. Atty., Kansas City, Kan. (James P. Buchele, U. S. Atty., John Oliver Martin, Asst. U. S. Atty., Kansas City, Kan., on the brief), for plaintiff-appellee.

Before HOLLOWAY, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Defendant Henry W. Schauble II was convicted of possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Schauble appeals this conviction on the ground that the district court erred in denying his motion to suppress evidence obtained from a search of his premises pursuant to a warrant. Specifically, Schauble contends that the affidavit supporting the warrant was insufficient to show probable cause and that he should have been granted an evidentiary hearing to establish that the affiant knowingly or with reckless disregard of the truth included material false statements in the affidavit. We affirm.

On February 13, 1979, Roy Miller, Squad Commander of the City-County Investigative Squad of Johnson County, Kansas, submitted an affidavit in support of an application for a warrant to search the residence at 5227 Riggs in Mission, Kansas. The affidavit stated that the objective of the search was to seize "a quantity of marihuana." Rec., vol. I, at 58. As probable cause for the search, the affidavit stated that the affiant had been "contacted by a reliable informant" who said that "in the last 48 hours" the informant had been "at the residence at 5227 Riggs ... and that while at the residence" the informant "observed a

quantity of green leafy vegetation," which the informant "believes to be marihuana, in the residence at 5227 Riggs ...." *Id.* The affidavit related that the informant said "the belief that the green leafy vegetation is marihuana is based on prior observation and usage of the substance." *Id.* In support of the informant's reliability, the affiant said that the informant had given information in the last year leading to at least three search warrants and the subsequent ·seizure of controlled substances, and to arrests or arrest warrants.

A search warrant was issued, and the search was executed the same day. A number of items were seized including a quantity of opium, approximately 100 pounds of marijuana, one gallon of hashish oil, 7½ pounds of hashish, 33 grams of cocaine, scales, $200 in cash, and a notebook containing a record of transactions. No member of the residence was present at the time of the search, but Schauble later admitted 5227 Riggs was his residence.

Schauble was indicted on five counts of violation of 21 U.S.C. § 841(a)(1), each count relating to a different controlled substance. Prior to trial, Schauble filed a motion to suppress the evidence seized in the search, contending the affidavit failed to satisfy the test set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In the alternative, Schauble sought the opportunity to cross-examine the confidential informant as to the truthfulness of the factual statements made in the affidavit or to compel the confidential informant to appear for an *in camera* examination by the court to answer questions supplied by the defendant. The intended purpose of the questioning was to establish that the affiant had intentionally or with reckless disregard for the truth included false statements of the informant in the affidavit.

The district court denied the motion. Schauble then entered into a stipulation of facts with the Government. The district court found Schauble guilty as to count three of the indictment for possession of marijuana with intent to distribute. The remaining counts were dismissed. Schauble

was sentenced to two years' imprisonment and a special parole term of two years.

I.

*Facial Sufficiency of the Affidavit*

*Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), established a two-prong test for determining whether an affidavit whose essential information consists of statements of an informant establishes probable cause for the issuance of a search warrant.

"[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant ... was 'credible' or his information 'reliable' ...."

*Id.* at 114, 84 S.Ct. at 1513–14. In *Spinelli v. United States*, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 (1969), the Supreme Court further described the first prong:

"In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation."

The second prong goes to the past reliability of the informant. *See United States v. Hittle*, 575 F.2d 799, 801 (10th Cir. 1978). The first prong relates to whether the informant's information in the particular case is accurate. *Id.*

Schauble argues the affidavit failed to satisfy the first prong of the *Aguilar* test for two reasons. The first basis is alleged to be the failure to set forth in sufficient detail the alleged criminal activity and the underlying circumstances from which the affiant concluded the informant's information was gathered in a reliable manner. The second is said to be failure to set forth sufficient facts demonstrating that proba-

ble cause, if it ever existed, was still present at the time the warrant issued. We cannot agree with either contention.

■ The affidavit provides the underlying circumstances from which the informant concluded that drugs were on the Riggs premises in sufficient detail that a magistrate could determine the informant had a reasonable ground for his belief and was not relying upon rumor, general reputation, whim, or suspicion. The affidavit told the magistrate that the informant had been at the residence at 5227 Riggs within the last 48 hours and while there had personally observed a substance he believed to be marijuana. Thus, personal observation was the basis for the informant's belief.

We concur with Schauble's position that "the element of time is crucial to the concept of probable cause." *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972). But "the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the affidavit." *Id.* In resolving the question of staleness, the nature of the alleged criminal activity and the property to be seized must be considered. *See, id.; United States v. Sherman*, 576 F.2d 292, 295–96 (10th Cir.), *cert. denied*, 439 U.S. 913, 99 S.Ct. 284, 58 L.Ed.2d 259 (1978). "Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time." *Johnson*, 461 F.2d at 287. This is particularly true if the property to be seized can be easily transported or consumed. On the other hand, "where the affidavit properly recites facts indicating activity of a protracted and continuous nature ... the passage of time becomes less significant," and facts otherwise remote in time may retain their relevance. *Id.*

Under these guidelines, we would agree with Schauble that the affidavit failed to establish probable cause to believe marijuana remained on the Riggs premises at the time the warrant issued if the statement made was narrow enough that it might describe only the smoking of marijuana cigarettes by visitors or others on the Riggs premises. In such circumstances, there would be no probable cause to believe marijuana would be found there 48 hours later. Here, however, the affidavit also stated that "a quantity of green leafy vegetation" was observed. This description implies that the informant observed growing plants or bags of the weed itself, making it more probable that the drug would continue to be present at the residence for some time. In light of this and the relatively short time between the informant's observation and the warrant's issuance—no more than 48 hours—we must uphold the finding of probable cause. The Supreme Court has stated that "the resolution of doubtful and marginal cases ... should be largely determined by the preference to be accorded warrants." *United States v. Ventrescca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 18 L.Ed.2d 684 (1965).

We add a note of caution to law enforcement officials. Police officers will not be permitted to undermine the warrant application process, and the important Fourth Amendment interests it is intended to protect, through resort to boilerplate, vague, or unduly brief affidavits. It takes but a few minutes more of the affiant's time to ask the informant about, for example, the amount or form of drugs seen, and to include such information in the affidavit. This kind of information is essential "if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." *Id.*

### II.

#### *Franks Hearing*

■ In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court considered whether a defendant in a criminal proceeding ever has the right under the Fourth and Fourteenth Amendments "subsequent to the *ex parte* issuance of a search warrant to challenge the truthfulness of factual statements made in an affidavit supporting the warrant." *Id.* at 155, 98 S.Ct. at 2676. Determining

that a challenge to a warrant's veracity must be permitted under certain circumstances, the Court held that

> "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."

*Id.* at 155–56, 98 S.Ct. at 2676–77. Mere allegations of deliberate falsehood or of reckless disregard for the truth are insufficient to mandate an evidentiary hearing; they must be accompanied by an "offer of proof." *Id.* at 171, 98 S.Ct. at 2684. And the Court made clear that a warrant's veracity can be challenged only through a showing that the *affiant* knowingly or with reckless disregard of the truth included a false statement in the affidavit. *Id.* It is not enough to show that the *informant* deliberately lied to an unsuspecting affiant. *Id.*

Schauble claims the trial court erred in denying his motion for a *Franks* hearing and the production of the confidential informant. In support of his motion, Schauble supplied the trial court with his own affidavit and that of another person who was with him in the house during the 48 hours prior to the search, the time period described by the informant. Both affidavits state that only one visitor came to the house in that time span and that this person came no further than the front porch, from where it is physically impossible to see inside the house because of a partition immediately inside the front door. As further proof that affiant Roy Miller deliberately or recklessly disregarded the truth in filling out his affidavit, Schauble offered in evidence an affidavit filled out by a Sargeant Ed Hayes to search a different residence. That affidavit is almost identical in terminology to the Miller affidavit, except it says that the informant was "inside" the residence instead of "at" the residence, as Miller's affidavit states. Schauble asserts this indicates Miller knew the informant cited in his affidavit had never gone inside Schauble's house.

We need not decide the difficult question expressly left open by the Supreme Court in *Franks* as to whether a defendant who has satisfied the requirements for a veracity hearing is entitled to revelation of the identity of a confidential informant, 438 U.S. at 170, 98 S.Ct. at 2683, let alone production of the informant at the hearing, for Schauble has not made the necessary "substantial preliminary showing." *Id.* That Hayes' affidavit says the informant was "inside" a residence while Miller's says "at" a residence is not highly significant. The word "at" often is used as a substitute for "in." For example, when someone says "I was at my friend's house last night," one assumes he was visiting inside, not just on the doorstep. If the comparison were between two affidavits filled out by the same person, there might be some small inference to be drawn, but even in that instance the difference might simply have resulted from an unconscious selection of synonyms. Here we have affidavits filled out roughly two weeks apart by two different people. Little can be drawn from the comparison.

Even if we were to accept Schauble's view of the comparison, it would merely show that Miller knew the informant had not gone inside. Schauble's and his companion's affidavits allege that the informant on the porch could not see inside because of a dividing wall. Even if true, this provides no indication that the informant told Miller of that fact. Moreover, the informant might have seen inside through a window instead of through the door. To qualify for a *Franks* hearing, Schauble must make a substantial showing that Miller knew of or recklessly disregarded the informant's inability to see what the informant claimed to see, not merely that the informant did not actually see it. We agree with the lower court that Schauble failed to make the necessary showing.

Affirmed.