**In the Matter of the SEARCH OF 1638 E. 2ND STREET, TULSA, OKLAHOMA.**

**John LAWMASTER, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 92–5092.**

United States Court of Appeals, Tenth Circuit.

May 20, 1993.

Steven L. Sessinghaus, Tulsa, OK, for appellant.

Allen J. Litchfield, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with him on the brief), Tulsa, OK, for appellee.

Before LOGAN, MOORE, and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

Appellant John Lawmaster appeals the district court's denial of his motion to unseal an affidavit supporting a search warrant that was executed on his residence. The search proved fruitless, and appellant now seeks to discover the identity of the informant who provided the information used to obtain the search warrant.

I

Agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) obtained and executed a search warrant for appellant's home, based on allegations from an informant that appellant was in possession of an illegal firearm. After searching appellant's house, the agents found no such weapon although they apparently found numerous legal firearms. *See* Appellant's App. at 20. The agents left the house without removing any of appellant's property. The government moved to seal the affidavit, claiming that the sealing was necessary to protect the ongoing investigation and because the informant feared reprisal from appellant. The magistrate judge granted the government's motion.

Appellant then petitioned the district court to overrule the magistrate judge's order and to release the affidavit. Following some confusion over the basis upon which the government sought to keep the affidavit sealed,[1] the district court ultimately affirmed the magistrate judge's ruling, from which appellant took the instant appeal. We review the district court's decision for an abuse of discretion. *In re the Application and Affidavit for*

a Search Warrant, 923 F.2d 324, 326 (4th Cir.), cert. denied, —— U.S. ——, 111 S.Ct. 2243, 114 L.Ed.2d 484 (1991); United States v. Mann, 829 F.2d 849, 853 (9th Cir.1987).

II

The government cites the informer's privilege as the basis for keeping the affidavit under seal and the informer's identity secret. Under that privilege, "the state is normally entitled to refuse to disclose the identity of a person who has furnished information relating to an investigation of a possible violation of law." Hoffman v. Reali, 973 F.2d 980, 987 (1st Cir.1992). "The underlying concern of the doctrine is the commonsense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation." Dole v. Local 1942, IBEW, 870 F.2d 368, 372 (7th Cir.1989). The government is entitled to assert the privilege without showing that reprisal or retaliation is likely. Id.

The informer's privilege is not absolute, however. If the party seeking disclosure makes a proper showing of need, the privilege will give way. It will yield "when the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice. The party opposing the privilege may overcome it upon showing his need for the information outweighs the government's entitlement to the privilege." Id. at 372–73 (citations omitted).

In most circumstances, the party seeking disclosure is the defendant in a criminal case, who wants the informant's identity to assist in his or her defense. In such cases, if "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, . . . the privilege must give way." Roviaro v. United States, 353 U.S. 53, 60–61, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639 (1957). However, the privilege is applicable in civil cases as well. United States v. One 1986 Chevrolet Van, 927 F.2d 39, 43 (1st Cir.1991). Here, appellant has not been indicted, nor is

---

1. Initially, the government asserted that the seal was required to protect an ongoing investigation. Following the district court's decision, however, the government notified the court that the inves-

tigation had terminated, and that the only reason to maintain the seal was to protect the informant from reprisal.

he threatened with later prosecution. His motion is therefore civil in nature, although no civil suit has been filed.[2] In such cases, the informer's privilege is arguably stronger, because the constitutional guarantees assured to criminal defendants are inapplicable. *Dole,* 870 F.2d at 372.

■ Appellant argues that he is entitled to the affidavit under the common law right of access to the courts. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978). We agree that "the press and the public have a common law qualified right of access to judicial records," *Baltimore Sun Co. v. Goetz,* 886 F.2d 60, 65 (4th Cir.1989), and that "affidavits for search warrants are judicial records," *id.* at 64. However, although "the common law right of access creates a strong presumption in favor of public access to materials submitted as evidence in open court, this presumption should not apply to materials properly submitted under seal." *United States v. Corbitt,* 879 F.2d 224, 228 (7th Cir.1989) (internal quotation and citation omitted); *see also Times Mirror Co. v. United States,* 873 F.2d 1210, 1219 (9th Cir.1989) ("[T]here is no right of access to documents which have traditionally been kept secret for important policy reasons."). Thus, when the government properly invokes the informer's privilege, it trumps the common law right of access to judicial records as to the identity of the informant.

■ Appellant further argues that he was entitled to a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). This argument fails for a number of reasons. First, *Franks* is premised upon a potential showing of a Fourth Amendment violation in a criminal case, in which case the defendant would be entitled to

the suppression of illegally obtained evidence. Here, appellant is merely an interested party, not a criminal defendant, and so is not subject to criminal sanctions based on the search of his home. Second, to qualify for a *Franks* hearing, appellant must have made a substantial showing that the affiant knew of, or recklessly disregarded, the falsity of the informant's information. *United States v. Bloomgren,* 814 F.2d 580, 584 (10th Cir.1987). Appellant does not challenge the actions of the police; he merely seeks the identity of the informant. Appellant alleges no impropriety on the part of the affiant, ATF Agent P. Blair Ward. Third, *Franks* itself states that "[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." 438 U.S. at 171, 98 S.Ct. at 2684. Thus, appellant's allegations of false statements made to the affiant by the informant do not entitle him to a hearing.[3]

■ Finally, we note that shortly before oral argument, the government provided appellant with a redacted version of the affidavit. This version states that the informant knew that appellant had purchased an illegal weapon, that the informant had observed appellant firing it in automatic mode, that appellant had carried the weapon in several different vehicles, and that the gun could be found in a green military gun case. Whatever need appellant has demonstrated for the affidavit, and it is slight, is satisfied by production of the redacted version. In situations such as this, a redacted version should be made available if doing so would not reveal the informant's identity or prejudice an ongoing investigation. *See Coughlin v. Lee,* 946 F.2d 1152, 1159–60 (5th Cir.1991). The government has produced a redacted version

2. Appellant apparently contemplates some form of legal action against the informant once his or her identity is made known. Notwithstanding the lack of an ongoing proceeding, appellant has standing to seek the affidavit as the aggrieved subject of a fruitless search under the Fourth Amendment standing doctrine of *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), and its progeny.

3. The district court declined to hold an in camera hearing on appellant's motion. We agree with the Fifth Circuit that "[a]n *in camera* hearing may be helpful in balancing these interests,

but we refuse to adopt a rule requiring a district court to hold an *in camera* hearing whenever the identity of an informant is requested." *United States v. Alexander,* 559 F.2d 1339, 1344 (5th Cir.1977) (citation omitted), *cert. denied,* 434 U.S. 1078, 98 S.Ct. 1271, 55 L.Ed.2d 785 (1978). If the district court holds such a hearing, it may, if necessary, file its findings and reasoning under seal to preserve the confidentiality of the informant's identity yet still provide for meaningful appellate review. *See In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn,* 855 F.2d 569, 574 (8th Cir.1988).

of the affidavit, and is required to do no more under these circumstances.

■ Appellant states that he "needs" the unredacted affidavit because he might pursue legal action against the informant. Appellant confuses "need" with "want." Although we do not here attempt to define the contours of the showing required to overcome the informer's privilege, appellant's contemplation of a suit against the person who caused law enforcement agents to search his home will not cause the privilege to yield. The government has rightfully asserted the privilege, and appellant has not made the required showing of need for the unredacted affidavit.

**AFFIRMED.**