**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re THE MATTER OF THE
SEARCHES of 462 South Connell
Avenue, Pitcher, Oklahoma, and Main
and 2nd Street, Pitcher Oklahoma.

_____

MORRISON KNUDSEN
CORPORATION,

        Movant - Appellant,

   v.

UNITED STATES OF AMERICA,

        Respondent - Appellee.

No. 00-5114

(D.C. No. 00-SM-21-K)

(N.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Morrison Knudsen Corporation ("MK") [1] appeals an order of the district court refusing to unseal informants' affidavits which were used to support search warrants of MK's property. We affirm.

**BACKGROUND**

On February 14, 2000, the government, through its Assistant United States Attorney, Ken Snoke, applied for two search warrants to search the two above-captioned addresses. The warrants authorized the search of MK's offices located at the Tar Creek Superfund site in Pitcher, Oklahoma. The government simultaneously moved to seal the affidavits supporting the two search warrants. The magistrate judge issued the search warrants and sealed the affidavits. The search warrants were executed and a number of items were seized.

On February 24, 2000, AUSA Snoke went on vacation, leaving AUSA Neal Kirkpatrick to supervise the MK investigation. On March 14, AUSA Kirkpatrick filed an application to unseal the affidavits. [2] The magistrate judge approved the

_____

[1]Since July 2000 MK has operated under the name "Washington Group International, Inc." Because the parties refer to the appellant in this case as MK, and since it was MK at the times relevant to this lawsuit, we refer to the appellant as MK.

[2]The record reveals that there was some discussion between AUSA Kirkpatrick and MK's counsel concerning unsealing the affidavits and the terms and conditions under which they would be unsealed. The record contains no further information about those terms and conditions.

motion and unsealed the affidavits.  On March 16 a story appeared in the <u>Grove Sun Daily</u> newspaper, which described the allegations in the affidavits but did not disclose the identity of the informants identified in the affidavits.  Upon returning from vacation, AUSA Snoke learned that the affidavits had been unsealed and promptly filed a motion to reseal the affidavits.  The magistrate judge granted the motion.  MK then filed its own motion to unseal the affidavits.  The magistrate judge denied MK's motion, citing the "informer's privilege."  MK subsequently filed what the magistrate judge construed to be a motion for reconsideration, which the magistrate judge denied.  MK brought another motion, styled a motion for reconsideration or an objection to the magistrate judge's findings and recommendations or an appeal to the district court, seeking further review of the magistrate judge's decision not to unseal the affidavits.

Noting that "the sole issue raised by Morrison Knudsen is Magistrate Judge Joyner's ruling that the government had not waived the 'informant's privilege' through unsealing of the affidavit," the district court ruled that "[t]he affidavits will remain sealed."  Order at 2, Appellant's App. at 82.  This appeal followed.

## DISCUSSION

Procedurally, this case is unusual. Both parties assert that we have jurisdiction, although the government raised serious questions below about the jurisdiction of the magistrate judge and the district court over MK's motions to unseal the affidavits. Neither party elaborates on the basis for jurisdiction. We have therefore undertaken our own independent inquiry, and we are satisfied that we have jurisdiction over this appeal. See Lawmaster v. United States, 993 F.2d 773, 774-75 (10th Cir. 1993) (assuming jurisdiction in similar setting, noting that appellant's "motion is . . . civil in nature"); see also In re Eyecare Physicians of America, 100 F.3d 514 (7th Cir. 1996) (assuming jurisdiction when subject of search filed motion to have warrant application and affidavit unsealed); White Fabricating Co. v. United States, 903 F.2d 404, 407-08 (6th Cir. 1990) (concluding court had jurisdiction over appeal of Fed. R. Crim. P. 41(e) motion for return of property seized even though no criminal prosecution commenced on theory that "plaintiffs' motion here is, in effect, a civil action initiated after and during a criminal investigation").

As MK concedes, the only issue on appeal is whether the "informer's privilege" was waived or is, for some reason, unavailable. "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Rovario v.

United States , 353 U.S. 53, 59 (1957). The privilege's scope is "limited by its underlying purpose." Id. at 60. Accordingly, "where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged." Id. Similarly, "once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." Id.

Fundamental fairness imposes another limitation on the informer's privilege: "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. Thus, we have held that "[t]he party opposing the privilege may overcome it upon showing his need for the information outweighs the government's entitlement to the privilege." Lawmaster , 993 F.2d at 774 (quoting Dole v. Local 1942, IBEW , 870 F.2d 368, 373 (7th Cir. 1989)). We also noted in Lawmaster that while the informer's privilege typically arises in criminal cases like Rovario , it may arise in civil contexts and that, in such cases, "the informer's privilege is arguably stronger, because the constitutional guarantees assured to criminal defendants are inapplicable." Id. at 775. [3]

_____

[3]This case is, of course, more like Lawmaster than Rovario in that, although a criminal investigation is apparently pending, no indictment or other criminal
(continued...)

We agree with the district court and the magistrate judge that MK has failed to make a sufficient showing of a need to know the identity of the informants such that the informer's privilege must give way or is otherwise no longer applicable. Despite the brief unsealing of the affidavits and the publication of the article describing the allegations in the affidavits, the identity of the informants has never been revealed to MK. The circumstances surrounding the brief unsealing of the affidavits do not compel a different conclusion than that reached by the district court–i.e., that MK has simply failed to show a need to know the identities of the informants sufficient to overcome the privilege.

We therefore AFFIRM the district court's order determining that the affidavits will remain sealed.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[3](...continued)
charge has been brought. However, unlike Lawmaster, the criminal investigation has, apparently, not been terminated either.