**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William M. FURMAN, Defendant–
Appellant.**

No. 94–2007.

United States Court of Appeals,
Tenth Circuit.

Aug. 5, 1994.

Richard A. Winterbottom, Albuquerque, NM, for defendant-appellant.

Paula G. Burnett, Asst. U.S. Atty. (John J. Kelly, U.S. Atty., with her on the brief), Albuquerque, NM, for plaintiff-appellee.

Before BALDOCK, SETH, and McWILLIAMS, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant William M. Furman appeals his conviction and sentence for improper participation in loans of a federally insured institution, 18 U.S.C. § 1006. We have jurisdiction under 28 U.S.C. § 1291.

On May 22, 1991, Defendant was indicted for his participation in fraudulent banking transactions as a director and majority shareholder of Liberty Federal Savings Bank ("the Bank") in Raton, New Mexico. Indictments I and II alleged that between May and December 1986, Defendant engaged in fraudulent real estate transactions in order to acquire funds from the Bank for his personal use. Indictment III alleged that Defendant made false statements with the intent to deceive an officer of a federal savings bank.

On July 14, 1992, the government moved to consolidate the three indictments pursuant to Fed.R.Crim.P. 8(a). In its motion, the government claimed consolidation would be proper because the counts in each indictment were similar in character and concerned Defendant's alleged fraudulent actions which resulted in the failure of the Bank. On August 3, 1992, the district court granted the motion and consolidated the three indictments for trial.

At trial, the district court submitted eleven counts from the consolidated indictments to the jury. Counts one through ten were drawn from Indictments I and II and alleged various forms of bank fraud. Count eleven was drawn from Indictment III and alleged Defendant made a false statement with the intent to deceive an officer of a federal savings bank. On November 1, 1992, the jury convicted Defendant on count eight for improper participation in loans of a federally insured institution, 18 U.S.C. § 1006.

Prior to sentencing, Defendant entered into an agreement with the government in which he stipulated that his sentence would be determined under pre-Guidelines law. On December 10, 1993, the district court sentenced Defendant to sixty months imprisonment pursuant to pre-Guidelines law. The court also ordered the sentence to be served consecutively to a seventy-eight month sentence previously imposed by the Federal District Court for the Eastern District of Louisiana. This appeal followed.

On appeal, Defendant claims the district court erred by: (1) consolidating the indictments for trial; (2) denying his pro se motions to dismiss the indictment; and (3) failing to apply the Sentencing Guidelines to his pre-Guidelines sentence. We address each of Defendant's arguments.

### I.

Defendant argues the district court improperly consolidated for trial eleven counts contained in three criminal indictments. Defendant contends counts one through ten charging him with bank fraud and misapplication of bank funds should not have been joined with count eleven charging him with the making of a false statement because the offenses are not of the same or similar character or otherwise connected in any way. *See* Fed.R.Crim.P. 8(a). We review the district court's joinder of offenses de novo. *United States v. Levine,* 983 F.2d 165, 167 (10th Cir.1992).

A court may consolidate counts from "two or more indictments ... if the offenses ... could have been joined in a single indictment." Fed.R.Crim.P. 13. Offenses may be joined in a single indictment if they are of the same or similar character. *See* Fed. R.Crim.P. 8(a). We have previously held that the offense of misapplication of bank funds is similar in character to the offense of making a false statement for purposes of Rule 8(a) joinder. *See United States v. Bowen,* 946 F.2d 734, 737 (10th Cir.1991).

In the instant case, the consolidated counts consisted essentially of two classes of offenses—*i.e.,* those involving Defendant's misapplication of bank funds and bank fraud through his participation in several real estate loans and those involving false statements made with the intent to deceive a federal bank officer. These offenses are all crimes of deceit involving a federally insured bank and are substantially similar in character for purposes of Rule 8(a) joinder. *See, e.g., id.* Thus, the district court did not err in consolidating the offenses for trial.

In his brief, Defendant also appears to argue that even if we conclude consolidation was proper, the district court nevertheless erred in failing to sever the counts and order separate trials because he was "deeply prejudiced" by the court's joinder of the bank fraud and false statement counts. Defendant's claims of prejudice are primarily concerned with the negative "spillover" effect the evidence concerning the false statement count had on the jury. Defendant claims the evidence concerning the false statement count damaged his credibility before the jury and prevented him from adequately defending against the charges contained in counts one through ten—*i.e.,* the bank fraud and misapplication of funds offenses.

The district court may order the separate trials of counts which are properly

joined if it appears the defendant is prejudiced by their joinder. *United States v. Muniz,* 1 F.3d 1018, 1023 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 575, 126 L.Ed.2d 474 (1993). The court's decision to grant or deny severance will not be disturbed absent an abuse of discretion. *Id.* In order to show an abuse of discretion, the defendant must show actual prejudice. *United States v. Rogers,* 925 F.2d 1285, 1288 (10th Cir.), *cert. denied,* 501 U.S. 1211, 111 S.Ct. 2812, 115 L.Ed.2d 985 (1991). "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover' effect" of damaging evidence is sufficient to warrant severance. *Levine,* 983 F.2d at 167.

■ In the instant case, the district court did not abuse its discretion in failing to sever the counts. We find nothing in the record to support Defendant's contention that the evidence concerning the false statement count "spilled over" and damaged his credibility before the jury or prevented him from adequately presenting a defense on the bank fraud and misapplication of funds counts. To the contrary, the record indicates that at trial, Defendant presented several witnesses and numerous exhibits in his defense. Furthermore, the district court specifically instructed the jury that "[e]ach count and the evidence pertaining to it should be considered separately" in determining guilt or innocence. Under these circumstances, we find no abuse of discretion.

## II.

■ Defendant also challenges the district court's denial of his pro se motions to dismiss the indictments.[1] We review the district court's denial of a motion to dismiss an indictment for an abuse of discretion. *United States v. Kingston,* 971 F.2d 481, 490 (10th Cir.1992).

At trial, Defendant presented a series of pro se motions in support of his contention that the indictments should be dismissed. In the motions, Defendant argued the govern-

ment "singled [him] out and selectively prosecuted [him] as a result of his status as a 'First Amendment' whistle blower." Defendant also claimed the government failed to disclose exculpatory evidence because he was being prosecuted as a "First Amendment whistle blower." Finally, Defendant claimed his prosecution violated numerous statutes including: (1) the Administrative Procedure Act; (2) the Bankruptcy Code; (3) the Obstruction of Justice Act; and (4) several statutes concerning the status of Indians. The district court denied the motions as frivolous.

■ In order to prevail on a claim of selective prosecution, a defendant must show that "he has been singled out for prosecution while others similarly situated generally have not been proceeded against for the type of conduct forming the basis of the charge against him." *United States v. Salazar,* 720 F.2d 1482, 1487 (10th Cir.1983), *cert. denied,* 469 U.S. 1110, 105 S.Ct. 789, 83 L.Ed.2d 783 (1985). In addition, the defendant must prove that the government's selection of him for prosecution "was invidious or in bad faith and was based on impermissible considerations such as ... the desire to prevent the exercise of constitutional rights." *Id.*

■ In the instant case, Defendant has failed to show his prosecution was impermissibly selective. The record indicates that eight persons in addition to Defendant were prosecuted in connection with the failure of Liberty Federal State Bank. Furthermore, there is no indication beyond Defendant's conclusory allegations that the government's investigation and prosecution of Defendant was based on a desire to prevent Defendant from exercising his First Amendment rights. As to Defendant's remaining claims concerning the failure to disclose exculpatory evidence and the violation of other statutes, we have examined the record and conclude they are meritless. We therefore conclude the district court did not abuse its discretion in denying Defendant's motions to dismiss the indictment.

---

1. Defendant's counsel presented this ground for appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (gov-

erning counsel's duties upon determining that appeal is frivolous and without merit).

## III.

Defendant also claims the district court erred by failing to apply the Sentencing Guidelines in calculating the length of his pre-Guidelines sentence. Prior to his conviction in the instant case, Defendant had been sentenced under the Guidelines to seventy eight months imprisonment by the Federal District Court for the Eastern District of Louisiana on bank fraud charges unrelated to the instant case. Defendant then returned to New Mexico and was convicted on November 1, 1992 for improper participation in loans of a federally insured institution.

Following his conviction, Defendant entered into an agreement with the government in which he stipulated his sentence in the instant case would be calculated pursuant to pre-Guidelines law. However, at sentencing, Defendant urged the district court to consider the Guidelines in calculating the length of his pre-Guidelines sentence. The district court refused to do so noting that "under the ... agreement in this matter, it is clear that the sentencing ... is to follow pre-[G]uideline procedures or applications." The court also noted that sentencing under pre-Guidelines law would be appropriate in order to avoid sentencing disparity among the co-defendants involved with Defendant in the various transactions leading to conviction. The court then sentenced Defendant to sixty-months imprisonment under pre-Guidelines law. The court also ordered the sentence to be served consecutively with the seventy-eight month sentence imposed under the Guidelines by the Louisiana court.

On appeal, Defendant does not challenge the district court's imposition of a consecutive sentence or contend that the length of the sentence was not within statutory limits. Rather, Defendant contends the district court denied him fundamental fairness and abused its discretion when it failed to consider the Guidelines in determining the length of his pre-Guidelines consecutive sentence.

In support of his argument, Defendant asserts a "reverse sentencing" theory. Under this theory, Defendant claims that if the order of his sentencing had been reversed, and he had been sentenced under pre-Guidelines law first, and under the Guidelines second, the Louisiana court would have sentenced him based on an offense level of twenty-nine and a guideline range of 87–108 months.[2] Defendant then claims that the Louisiana court would have been required to apply § 5G1.3(c) of the Guidelines in determining the length of his sentence. Under § 5G1.3(c), a sentencing court may impose a consecutive sentence to a prior undischarged term of imprisonment "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." A reasonable incremental punishment is a sentence which "approximates the total punishment that would have been imposed ... had all the offenses been federal offenses for which the sentences were being imposed at the same time." U.S.S.G. § 5G1.3, Application Note 3.

Applying § 5G1.3(c) to his "reverse sentencing" scenario, Defendant claims the Louisiana court would have imposed a twenty-seven month sentence to run consecutively to the sixty-month New Mexico sentence in order to arrive at the eighty-seven months authorized at the lower end of the 87–108 month sentencing range. Because he would have received an aggregate sentence of eighty-seven months had his sentencing been reversed, Defendant argues the district court should have applied the Guidelines to his pre-Guidelines offense in order to achieve a similar result. Because the court failed to do so, Defendant claims the court abused its discretion and denied him fundamental fairness.

■■■■ Generally, a sentencing judge has "wide discretion to decide whether the [defendant] should be incarcerated and for how long" in imposing a pre-Guidelines sentence. *United States v. Bryant*, 892 F.2d 1466, 1470 (10th Cir.1989), *cert. denied*, 496 U.S. 939, 110 S.Ct. 3220, 110 L.Ed.2d 667 (1990). In imposing sentence, a sentencing court may consider various factors including the need to

---

**2.** In order to arrive at this conclusion, Defendant begins with a base offense level of twenty-eight—*i.e.*, the offense level assessed for his Louisiana conviction. Defendant then enhances his offense level by one point, based on the total losses caused by his New Mexico conviction ($686,-572.00). The resulting offense level of twenty-nine yields a guideline range of 87–108 months.

avoid unwarranted sentencing disparities among co-defendants involved in the same criminal activity. *See United States v. Boshell,* 952 F.2d 1101, 1008 (9th Cir.1991). Furthermore, in the exercise of its discretion, a sentencing court may consider the Guidelines in determining the length of a pre-Guidelines sentence. *See, e.g., United States v. Brenneman,* 918 F.2d 745, 746 (8th Cir. 1990) (court may be guided in part by Guidelines in imposing pre-Guidelines sentence); *United States v. Vega,* 860 F.2d 779, 800–01 (7th Cir.1988) (same). Although a court may consider the Guidelines in imposing a pre-Guidelines sentence, the final sentence calculated by the court must be based on pre-Guidelines factors. *See, e.g., Brenneman,* 918 F.2d at 746.

■ In the instant case, we hold the district court did not abuse its discretion or deny Defendant fundamental fairness in failing to apply the Guidelines in determining the length of Defendant's pre-Guidelines sentence. Rather than speculating as to the sentence Defendant would have received in a different court, the district court in sentencing Defendant appropriately considered Defendant's stipulation that his sentence would be calculated pursuant to pre-Guidelines law, his involvement in the activities leading to the offense of conviction, and the need to avoid sentencing disparity among the co-defendants who were involved with Defendant in the criminal activity. Based on these factors, the court ultimately concluded a sentence calculated under pre-Guidelines law, rather than the Guidelines, would be a more appropriate punishment. Under these circumstances, we find no abuse of discretion.

AFFIRMED.