UNITED STATES COURT OF APPEALS
**Filed 6/25/96**
FOR THE TENTH CIRCUIT

DENNIS LEE CORTESE; DEBBIE DUZ
DONUTS, trade name for 3-D Donuts,
Corp.,

      Plaintiffs-Appellants,

v.

JAMES L. BLACK, Ex-Sheriff of
Larimer County, Colorado; RONALD
PETITT; ANDREW JOSEY; CHARLES
NICHOLS, Deputy Sheriff of Larimer
County, Colorado; LARIMER COUNTY
SHERIFF'S DEPARTMENT; LARIMER
COUNTY BOARD OF COUNTY
COMMISSIONERS,

      Defendants-Appellees.

No. 95-1429
(D.C. No. 92-B-209)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants appeal from the district court's entry of summary judgment in favor of defendants on their claims that their constitutional rights were violated when defendants attempted to prevent them from opening their business, and once opened, closed the business pursuant to a state nuisance statute. Plaintiffs' complaint is based on 28 U.S.C. § 1983. Our jurisdiction arises from 28 U.S.C. § 1291 and we affirm.

Plaintiffs owned and operated a topless doughnut shop that also sold sexually oriented books and videotapes. After plaintiff Cortese sold illegal drugs to an undercover police officer, the defendant police officers obtained arrest warrants for Cortese and Gary Petty, an employee of the business. Also based on the illegal drug sales and pursuant to a state nuisance statute, defendants sought and obtained a temporary restraining order from a state court against conducting further business at the doughnut shop. Plaintiffs ultimately abandoned their claims in the state court nuisance action.

Cortese entered an Alford plea to the criminal drug charges brought against him, thus permitting him to maintain his claim that the drugs were planted by defendants as an excuse to close the business. It was after he entered a plea to the criminal charges that he admitted

2

that he had provided the drugs. Plaintiffs allege that defendants engaged in a course of action to close plaintiffs' business, thus violating various constitutional rights. For a complete recitation of the facts, see Cortese v. Black, 838 F. Supp. 485 (D. Colo. 1993).

On appeal, plaintiffs claim (1) the police investigation of plaintiffs' business was motivated to close the business, not for a legitimate purpose; (2) the business was subjected to an unconstitutional search and seizure during the execution of the arrest warrant on Gary Petty; (3) the state nuisance statute under which the temporary restraining order was issued resulted in the unconstitutional restraint of freedom of expression because defendants seized constitutionally protected materials; (4) enforcement of the nuisance statute at plaintiffs' business violated equal protection because the statute was not employed to close other businesses; (5) seizure of the business was effected without affording plaintiffs constitutionally required pre-seizure notice and an opportunity to be heard; (6) plaintiffs' § 1983 claims are not barred by either the doctrine of res judicata or the entry of an Alford plea to the drug charges; and (7) summary judgment was inappropriate because there exist disputed material facts.

We review the grant of summary judgment de novo, applying the same standard as the district court. Applied Genetics Int'l, Inc., v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We view the record in the light most

3

favorable to the nonmoving party.  <u>Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.</u>, 938 F.2d 1105, 1110 (10th Cir. 1991).

We first address plaintiffs' argument that the police took action to close their business in violation of their constitutional rights.  They contend that the drugs Cortese was accused of providing to an undercover police officer were planted by the police to provide an excuse to arrest Cortese and close the business.  During his deposition, however, Cortese admitted that it was he who had provided the drugs to the undercover officer.  Therefore, plaintiffs' claim that the police investigation was unlawfully motivated must fail.

As a corollary to their argument that the police acted improperly, plaintiffs argue that Cortese's initial statement to the district court denying that he had provided the drugs was not a "material lie."  <u>See</u> appellants' brief at 16-21.  The district court did not, however, sanction plaintiffs because Cortese had lied about having provided the illegal drugs.  Instead, the court resolved the legal issues based on Cortese's admission.  Accordingly, we do not address whether Cortese's lie to the court was "material."

We turn to plaintiffs' claim that the business was subjected to an unlawful search and seizure. They allege that defendants unlawfully seized a constitutionally protected videotape during the arrest of Petty.  It is undisputed that the police officers, believing the videotape was a bootleg tape, removed it from plaintiffs' business on April 4, 1990, and returned it on April 13, 1990.  It is also undisputed that the police served the temporary restraining order on the evening of April 4, 1990, at which time they had the legal right to enter the business

and inventory its contents, thus permitting them to have possession of the videotape. Viewing the record in the light most favorable to the nonmoving party, as the district court did, we assume that the videotape was seized without a search warrant or an arrest warrant. Even so, we conclude that any Fourth Amendment violation was de minimis in view of the facts that defendants seized only one item, and had possession of it illegally for only a few hours. See Artes-Roy v. City of Aspen, 31 F.3d 958, 962-63 (10th Cir. 1994)(officer's warrantless entry into plaintiff's foyer, even if Fourth Amendment violation, was de minimis); see also Hudson v. McMillian, 503 U.S. 1, 9-10 (1992)(in prison context, de minimis uses of physical force are excluded from constitutional recognition); Artes-Roy, 31 F.3d at 962-63 (collecting cases). Accordingly, there was "no actionable constitutional wrong." Artes-Roy, 31 F.3d at 963 (quotation omitted).

Plaintiffs also maintain that the restraining order issued under the state nuisance statute, Colo. Rev. Stat. § 16-13-303, deprived them of their First Amendment rights to freedom of expression. They assert that the order to close the business deprived them of the right to sell constitutionally protected books and videotapes. The business, however, was closed because the owner/manager provided illegal drugs to an undercover policeman, not because the business was sexually oriented. The drug activity "carried on in this case manifests absolutely no element of protected expression." Arcara v. Cloud Books, Inc., 478 U.S. 697, 705 (1986). Consequently, the First Amendment is not implicated by the enforcement of the Colorado nuisance statute intended to prevent any building from being

5

used for the unlawful sale, distribution or storage of illegal drugs. Colo. Rev. Stat. § 16-13-303; Arcara, 478 U.S. at 707; accord O'Connor v. City & County of Denver, 894 F.2d 1210, 1217 (10th Cir. 1990)(First Amendment not implicated by enforcement of criminal code prohibiting public sex acts even though result was to close theater).

Plaintiffs also assert that they were selected for prosecution because of the nature of their business. To maintain a claim of selective prosecution, plaintiffs must show that they have been singled out for prosecution while others similarly situated generally have not been prosecuted for similar conduct, and that the government selected them to prevent them from exercising their constitutional rights or for other impermissible reasons. United States v. Furman, 31 F.3d 1034, 1037 (10th Cir.), cert. denied, 115 S. Ct. 651 (1994). To support their claim of selective prosecution, plaintiffs cite Cortese's testimony that he knew of other establishments that were not treated as harshly as plaintiffs' in allegedly similar situations. Inadmissible hearsay, however, cannot defeat summary judgment "because a third party's description of a witness' supposed testimony is not suitable grist for the summary judgment mill. Furthermore, generalized, unsubstantiated, non-personal affidavits are insufficient to successfully oppose a motion for summary judgment." Thomas v. International Business Mach., 48 F.3d 478, 485 (10th Cir. 1995)(quotations omitted). Cortese's generalized references to what happened to other establishments is inadmissible hearsay, insufficient to defeat summary judgment. See Swoboda v. Dubach, 992 F.2d 286, 291 (10th Cir. 1993)

(appellate court may affirm district court's judgment for reasons other than those relied on by the district court).

Plaintiffs next allege that their constitutional rights to procedural due process were violated when the police officers served the temporary restraining order without first providing plaintiffs with notice and an opportunity for a hearing. The temporary restraining order was based on Cortese's illegal drug activity. Its purpose was not to forfeit the business, even though defendants later requested a forfeiture to which plaintiffs did not object. The temporary restraining order was authorized by state statute, and issued by a state district court; it was not initiated by self-interested private parties. Furthermore, the temporary restraining order provided plaintiffs an opportunity for an immediate hearing. Consequently, we conclude that this case "presents an 'extraordinary' situation in which postponement of notice and hearing until after seizure did not deny due process." Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 679-80 (1974); see Swoboda, 992 F.2d at 291 (appellate court may affirm district court's judgment for reasons other than those relied on by the district court).

We dispose of plaintiffs' argument that their § 1983 claims are not barred by the doctrine of res judicata or by Cortese's guilty plea by noting that the district court found that the claims were not barred for either of those reasons. The district court addressed the merits of plaintiffs' § 1983 claims, concluding that defendants were entitled to summary judgment.

Finally, plaintiffs assert that summary judgment was inappropriate because there exist genuine issues of material fact. <u>See</u> Fed. R. Civ. P. 56(c). Plaintiffs object to the district court's reliance on defendants' affidavits because they refute plaintiffs' allegations. Rule 56(c) provides that affidavits may support a summary judgment motion. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)(it is from Rule 56(c)'s list of materials "that one would normally expect the nonmoving party to make the [required] showing"). Plaintiffs also point to various discrepancies in the parties' statements. <u>E.g.</u>, appellants' brief at 19-21. We determine that the disputed matters are not material to the legal issues presented, and do not preclude summary judgment. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)(existence of <u>some</u> disputed facts will not defeat summary judgment; there must exist <u>genuine</u> issue of <u>material</u> fact).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge