**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIAM BUCKLEY,

      Defendant - Appellant.

No. 99-3161
(D.C. No. CR-98-40026-02-RDR)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

      Defendant-appellant William Buckley appeals from his conviction and sentence for one count of bank robbery. A grand jury returned two separate indictments against Buckley on charges of bank robbery and assault upon a law enforcement officer. Following a consolidated trial on both charges, the jury convicted Buckley of bank robbery and acquitted him of assault. The district court sentenced him to 144 months imprisonment. He raises three issues on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal: (1) the district court erred in consolidating the assault and bank robbery charges for trial; (2) the district court erred in adding a two-point enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1 for obstruction of justice based on false testimony during trial; and (3) the district court erred in adding a two-point enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.

**I**

On February 23, 1998, Buckley was arrested for a supervised release violation and was subsequently indicted for assaulting a U.S. Marshall during the arrest. In a separate indictment, he was indicted for a bank robbery that occurred on February 19, 1998—four days before his arrest for the supervised release violation.

Pursuant to the government's request, the district court consolidated the assault and bank robbery charges for trial. After a trial, during which Buckley testified, a jury acquitted him of assault but convicted him of bank robbery. The district court sentenced him to 144 months imprisonment, based in part on a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 for providing false testimony at trial and a two-point enhancement for reckless endangerment during flight pursuant to U.S.S.G. § 3C1.2.

## II

Consolidation of indictments for trial is governed by Fed. R. Crim. P. 13, which states:

> The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.

Offenses may be joined in a single indictment pursuant to Fed. R. Crim. P. 8(a) if they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." We construe Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system. See United States v. Janus Indus., 48 F.3d 1548, 1557 (10th Cir. 1995).

Although the bank robbery charge was not the underlying substantive offense for the arrest warrant being executed at the time of the assault, the district court, after conducting a hearing, consolidated the two separate charges for trial based on its finding that "[t]he assault occurred only days after the robbery when . . . the defendant was still attempting to conceal evidence of the robbery[, and his] actions indicate that he was attempting to flee at the time of the assault." (Appellant's Br. App. B at 2-3.) We review the district court's decision to join

-3-

indictments for trial de novo.  See United States v. Furman, 31 F.3d 1034, 1036 (10th Cir. 1994).

The assault charge need not arise from the execution of an arrest warrant for the bank robbery to satisfy Rule 8(a).  See United States v. Quinones, 516 F.2d 1309, 1312 (1st Cir. 1979) ("Nor was it improper under Fed. R. Crim. P. 8(a) to try the escape count with the other three counts, although the warrant pursuant to which he was in custody related to another incident charged in two counts dismissed with prejudice at the start of trial."); cf. Bayless v. United States, 381 F.2d 67, 71 (9th Cir. 1967) (holding that joinder for trial of escape and burglary charges was proper where the escape provided a motive for the burglary).  The assault was a separate offense, but proof of it "was not prejudicial" in the bank robbery case "where flight was a circumstance that might be considered in determining guilt." United States v. Bourassa, 411 F.2d 69, 74 (10th Cir. 1969). The temporal proximity of only four days between the bank robbery and Buckley's vigorous flight from arrest permits the inference that he may have been fleeing for fear of being arrested for the robbery.  Cf. United States v. Peoples, 748 F.2d 934, 936 (4th Cir. 1984) (holding that an escape and a bank robbery were sufficiently connected to permit joinder where the defendant escaped only days after being arrested for the robbery and, although the defendant had other outstanding charges against him, the robbery charge was the most recent motive

for flight). In addition to the temporal proximity between the bank robbery and the assault, evidence of the bank robbery was found in Buckley's vehicle after his arrest on the parole violation warrant, further indicating that the bank robbery was his motive to flee from arrest. The two indictments were sufficiently "connected together" to warrant consolidation for trial. Fed. R. Crim. P. 8(a).

A district court may, however, "order the separate trials of counts which are properly joined if it appears the defendant is prejudiced by their joinder." Furman, 31 F.3d at 1036-37 (citing United States v. Muniz, 1 F.3d 1018, 1023 (10th Cir. 1993)); see also Fed. R. Crim. P. 14 ("If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."). The court's decision to grant or deny severance is reviewed for abuse of discretion. See Furman, 31 F.3d at 1037. "In order to show an abuse of discretion, the defendant must show actual prejudice." Id. (citing United States v. Rogers, 925 F.2d 1285, 1288 (10th Cir. 1991)). Buckley argues prejudice based on his allegation at sentencing that he felt he needed to testify on his own behalf for the assault charge, but was therefore forced to testify about the bank robbery as well—a charge for which he

would have preferred to exercise his Fifth Amendment right against self-incrimination.

A defendant who wishes to remain silent on some counts and testify on other counts is not entitled to a severance under Fed. R. Crim. P. 14 without "'a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other.'" United States v. Martin, 18 F.3d 1515, 1518-19 (10th Cir. 1994) (quoting United States v. Valentine, 706 F.2d 282, 291 (10th Cir. 1983)).  In making such a showing, the defendant must

> present enough information—regarding the nature of the testimony that he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of 'economy and expedition in judicial administration' against the defendant's interest in having a free choice with respect to testifying.

Id. (quoting Valentine, 706 F.2d at 291).  Buckley's claim necessarily fails because he did not inform the court of his desire to testify on one count and remain silent on the other.  See United States v. Cox, 934 F.2d 1114, 1120 (10th Cir. 1991).  His statement at sentencing to this effect was too late; this was compounded by its inadequacy due to lack of specificity.  The district court did not abuse its discretion in failing to sever trial because Buckley did not establish prejudice.

## III

Section 3C1.1 of the Sentencing Guidelines requires a two-point enhancement of a defendant's offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Obstruction of justice includes "the offering of perjured testimony at trial." United States v. Copus, 110 F.3d 1529, 1536 (10th Cir. 1997) (citing U.S.S.G. § 3C1.1, comment. (n.3(b))). An enhancement under § 3C1.1 for perjured testimony requires willful intent to mislead. See United States v. Cerrato-Reyes, 176 F.3d 1253, 1263 (10th Cir. 1999).

However, "[t]he mere fact that a defendant testifies to his or her innocence and is later found guilty by the jury does not automatically warrant a finding of perjury." United States v. Anderson, 189 F.3d 1201, 1213 (10th Cir. 1999). "In order to apply the § 3C1.1 enhancement, it is well-settled that a sentencing court must make a specific finding—that is, one which is independent of the jury verdict—that the defendant has perjured herself." United States v. Massey, 48 F.3d 1560, 1573 (10th Cir. 1995) (citing United States v. Dunnigan, 507 U.S. 87, 95 (1993)). The required finding must encompass "'all of the factual predicates of perjury,'" id. (quoting Dunnigan, 507 U.S. at 95), so that we are able "to

satisfy our appellate responsibility of review in determining whether the record would support findings of falsity, materiality, and willful intent," id.

The district court made the following findings concerning Buckley's perjurious testimony:

> The defendant offered considerable testimony at trial denying various aspects of his participation in the bank robbery. The court finds by a preponderance of evidence that the testimony offered by the defendant concerning his participation in the bank robbery was false and was given with the intent to commit perjury. There is little question that it was material to this case. In sum, the court finds that a two-level enhancement under § 3C1.1 is appropriate.

(Appellant's Br. App. C at 5.) "We review the district court's factual findings as to the enhancement under § 3C1.1 for clear error, and review de novo the district court's interpretation of the Sentencing Guidelines." Cerrato-Reyes, 176 F.3d at 1263. "Our deference to the district court is especially appropriate when the issue concerns questions of a witness credibility." United States v. Litchfield, 959 F.2d 1514, 1523 (10th Cir. 1992). The district court's findings encompassed all the factual predicates of perjury and are not clearly erroneous. Buckley argues that this enhancement is nonetheless inappropriate because he should not have been forced to testify as to the bank robbery. That argument speaks to the propriety of joinder, not the propriety of this enhancement, and, as discussed, joinder was proper. We therefore affirm the district court's application of the § 3C1.1 enhancement for obstruction of justice.

## IV

Section 3C1.2 of the Sentencing Guidelines provides for a two-point enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." For purposes of this enhancement, "reckless" is defined in the same way as it is defined in the Guideline for involuntary manslaughter. See U.S.S.G. § 3C1.2, comment. (n.2). That Guidelines section provides in relevant part: "'Reckless' refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4, comment. (n.1). "[T]he standard of care envisioned by the Guidelines is that of the reasonable person, not the reasonable fleeing criminal suspect." United States v. Conley, 131 F.3d 1387, 1389 (10th Cir. 1997).

The district court found that Buckley knowingly engaged in a high-speed car chase with law enforcement officials through residential areas and attempted to run over a police officer. We review the district court's factual findings as to the enhancement under § 3C1.2 for clear error and review de novo the district court's interpretation of the Sentencing Guidelines. See Cerrato-Reyes, 176 F.3d at 1263.

The record supports the district court's factual findings and belies Buckley's contentions that, because the officer's vehicle was unmarked, he did not know he was being chased by a law enforcement officer. As to his claimed ignorance that he was being pursued by a law enforcement officer, the officer identified himself several times just before Buckley attempted to run him down. Buckley also argues that his acquittal on the assault charge proves that he did not create a risk of death or serious injury to anyone. As to Buckley's recklessness, however, the officer testified that Buckley drove at speeds of fifty to sixty miles per hour skidding around corners through residential neighborhoods. Moreover, the chase having ended and the officer having exited his car, Buckley rapidly accelerated directly towards the officer.

The district court's findings are not erroneous and are sufficient to support the enhancement of Buckley's sentence pursuant to § 3C1.2 for reckless endangerment during flight. These actions plainly involved "a known risk of danger to others, and constituted a gross deviation from the standard of care that a reasonable person would have exercised in that same situation." Conley, 131 F.3d at 1389-90 (holding that a § 3C1.2 enhancement was justified where the defendant operated his vehicle, in reverse, at a high rate of speed on a residential street) (citing United States v. Gonzalez, 71 F.3d 819, 836-37 (11th Cir. 1996); United States v. Woody, 55 F.3d 1257, 1262, 1274 (7th Cir. 1995); United States v.

Chandler, 12 F.3d 1427, 1433 (7th Cir. 1994); United States v. Sykes, 4 F.3d 697, 700 (8th Cir. 1993)).

## V

Because Buckley fails to make the requisite showing of prejudice resulting from the joinder, and the district court made sufficient factual findings to support the contested sentencing enhancements, we **AFFIRM** his conviction and sentence.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge