**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry L. ROGERS,
Defendant–Appellant.**

**No. 89–3217.**

United States Court of Appeals,
Tenth Circuit.

Dec. 19, 1990.

---

Jill M. Wichlens, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender and Frances Smylie Brown, Asst. Federal Public Defender, with her on the brief), Denver, Colo., for defendant-appellant.

Julie A. Robinson, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with her

on the brief), Kansas City, Kan., for plaintiff-appellee.

Before McKAY and BALDOCK, Circuit Judges, and COOK,* District Judge.

H. DALE COOK, Chief District Judge.

Larry L. Rogers appeals from his conviction on one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of using or carrying firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and one count of using or carrying a machine gun during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

I.

In September, 1988, a special narcotics task force with the Johnson County, Kansas Sheriff's Office began investigating Dale Willeford for narcotics trafficking. (R.Supp. I, p. 13). In making two controlled purchases of cocaine from Willeford, an investigator with the task force, Richard Stutzman, learned that Willeford's "source" for the cocaine lived "a short distance away" and that his "source" could always take care of Willeford's cocaine needs. (Id. at 18). Surveillance of Willeford led officers to an apartment at the Georgetown Apartment complex in Merriam, Kansas. (Id. at 15). Officers there observed Willeford entering Apartment 107 at 7100 Eby Drive, which was leased to Rogers' co-defendant, William J. Moore. The officers also observed Rogers frequently entering and leaving the apartment. On one occasion, the surveillance team photographed Rogers carrying a laundry basket of clothes into the apartment. (R.Supp. II, p. 168). Another time, Detective Stutzman stopped Rogers near the apartment to arrange a purchase of cocaine. Rogers told Stutzman that the area was "dry", i.e., that he had no cocaine to sell, but accepted a phone number from Stutzman to call later. (R.Supp. I, p. 20–

21). Rogers never called Stutzman, but Willeford thereafter warned Stutzman to stay away from his "source". Willeford stated that Rogers had warned him that Stutzman was a "cop". (Id. at 22).

Stutzman executed an affidavit, detailing his contacts with Willeford and stating his belief that Willeford's "source" was to be found at Apartment 107, 7100 Eby Drive, Merriam, Kansas. Based upon that affidavit, a search warrant for the above address was obtained.

When the officers serving the search warrant knocked on the apartment door, Rogers answered and allowed the officers to enter the apartment. (R.Supp. II, p. 233). Rogers apparently had been lying on the sofa in the living room. (Id. at 256–57). The apartment was small, with one bedroom. (Id. at 264). Moore was in the hallway leading into the bedroom when the officers entered. (Id. at 234).

In their search of the apartment, the officers seized 51.4 grams of cocaine, packaged in fifteen small Ziploc plastic bags. The officers also seized a weighing scale, small and large Ziploc plastic bags, snow seals for gram-size packages, dealing records and calculator receipts with initials next to amounts owed, all of which were alleged at trial to be indicative of distributing cocaine. (R.Supp. I, p. 35–36, 50–51). All these items, as well as $3,400 in currency, were recovered from the bedroom. From the living room, the officers seized a bong pipe and a mirror with cocaine residue and a razor blade on it. (Id. at 53–54).

The officers also seized a number of firearms during the execution of the search warrant. A loaded Ruger semi-automatic rifle was propped up on the floor of an open linen closet in the hallway leading to the bedroom. (Id. at 65). A loaded Jennings .22 handgun was found under the sofa cushions in the living room, where Rogers apparently had been lying. (Id. at 63). A loaded Smith and Wesson handgun was found in the bedroom, on the nightstand next to the bed. (Id. at 66). A

* The Honorable H. Dale Cook, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

loaded, British Sten machine gun was in an open closet in the bedroom. (*Id.* at 67). Ammunition for the machine gun and the other firearms was found in that same bedroom closet. (*Id.* at 59, 77).

The sole item in the apartment that was identified as belonging to Rogers was a prescription drug bottle with his name on it, which was found on the nightstand in the bedroom. (*Id.* at 41, 104).

Several witnesses testified at trial that they had purchased cocaine from Moore. (R.Supp. II, p. 119, 217; R.Supp. III, p. 312). These witnesses testified that they had seen various firearms in the apartment while purchasing cocaine there. (R.Supp. II, p. 121, 218; R.Supp. III, p. 313). Their testimony also indicated that generally Rogers would answer the door for cocaine purchasers. (R.Supp. II, p. 123, 199; R.Supp. III, p. 311). The actual purchases were usually made in the bedroom of the apartment, although one witness testified that he purchased cocaine from Moore in the apartment's living room. (R.Supp. II, p. 123, 196; R.Supp. III, p. 312). Three witnesses testified that they purchased cocaine from Rogers at the apartment, when Moore was unavailable. (R.Supp. II, p. 200, 217; R.Supp. III, p. 338). One witness testified that on one occasion when he purchased cocaine from Rogers at the apartment, Rogers met him at the door with a loaded handgun. (R.Supp. II, p. 199). Rogers did not testify at trial.

After the jury found Rogers guilty on the three counts with which he was charged, Rogers filed a motion for judgment of acquittal. The trial court denied that motion, and sentenced Rogers to 33 months on the drug trafficking count, to five years on the firearms count, and to ten years on the machine gun count. The sentences on the firearms and machine gun counts were to run consecutive to the drug trafficking sentence; Rogers' sentence thus totalled seventeen years and nine months.

Rogers filed a timely appeal with this court, raising three issues. Rogers contends that the consecutive sentences imposed under section 924(c) on the two firearms counts violate the double jeopardy clause of the Constitution. Rogers next argues that the trial court erred in denying his motion for judgment of acquittal, when the evidence was insufficient to prove him guilty of the crimes charged against him. Finally, Rogers maintains that the trial court erred in only partially granting his motion to produce witnesses. For the reasons set forth below, we vacate the sentences imposed on the two firearms counts and remand for resentencing, and affirm as to the other two issues.

## II.

In *United States v. Henning*, 906 F.2d 1392 (10th Cir.1990), this court considered the same question confronting us here: whether a conviction for a single drug trafficking offense will support the imposition of consecutive sentences under 18 U.S.C. § 924(c) for multiple firearms carried or used in connection with that single offense. In *Henning*, the defendant was convicted of one count of possession of a controlled substance with intent to distribute and of two counts of using a firearm during and in relation to a drug trafficking offense. At the time of his arrest, Henning had a semi-automatic pistol under his jacket; a machine gun, a rifle, a pistol (all of which were loaded), ammunition and over twenty grams of methamphetamine were found in Henning's vehicle. *Id.* at 1394. In addition to the sentence on the drug offense, Henning was sentenced to ten years for the use of the machine gun and five years for the use of the other firearms.[1] *Id.* at 1395. This court vacated

1. Henning was convicted under the same version of 18 U.S.C. § 924(c) as was Rogers. That statute provides, in pertinent part:

Whoever, during and in relation to any ... drug trafficking crime, [ ] including a drug trafficking crime, which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device, for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment for five years, and if the firearm is a

the sentences on the two firearm counts against Henning, and remanded for resentencing. The court stated that "where a defendant has been convicted of a single drug trafficking offense and more than one firearm was involved, a single violation of § 924(c)(1) may not be stacked to account for each firearm seized." *Id.* at 1399.

Rogers was convicted of only one underlying drug trafficking offense. We therefore vacate the sentences imposed for the two firearm counts against Rogers, and remand for resentencing.

### III.

Rogers challenges the trial court's denial of his motion for judgment of acquittal, contending that the evidence was insufficient to prove him guilty of either actual or constructive possession of Moore's cocaine, or the use or carrying of any of the firearms seized from the apartment. Rogers argues that the evidence failed to show that he even knew that drugs or drug paraphernalia were in the apartment. Rogers also argues that the evidence failed to tie him to the firearms located in the hallway and bedroom. According to Rogers, the only items linking him to the apartment and Moore were Rogers' fortuitous presence in the apartment at the time of the search warrant's execution and the prescription drug bottle with his name on it, found on the bedroom's nightstand.

Our standard of review of the sufficiency of the evidence in criminal convictions is whether the evidence "both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. McKinnell,* 888 F.2d 669, 673 (10th Cir. 1990).

In *United States v. Espinosa,* 771 F.2d 1382 (10th Cir.1985), we stated that "mere proximity to illegal drugs, mere presence on the property where they are located or mere association with persons who do control them, without more, is insufficient to support a finding of possession." *Id.* at 1397. We also noted that "such proximity, presence, or association is sufficient when accompanied ... with testimony connecting the defendant with the incriminating surrounding circumstances." *Id.* (quoting *United States v. Ratcliffe,* 550 F.2d 431, 434 (9th Cir.1977)). To find that Rogers had constructive possession of the cocaine in the apartment, the evidence must demonstrate that Rogers had the "power and ability to exercise dominion and control over the cocaine." *United States v. Medina–Ramos,* 834 F.2d 874, 876 (10th Cir. 1987).

■ Here, the testimony and other evidence presented to the jury did not show Rogers to be an innocent bystander, caught by happenstance at the apartment, but rather that he was knowingly in a position to exercise control over the cocaine. Police surveillance noted Rogers frequently entering and leaving the apartment. Three witnesses testified that they had purchased cocaine from Rogers when Moore was absent from the apartment. That Rogers knew that drugs were present in the apartment also can be inferred from certain evidence. A mirror with cocaine residue and a razor blade on it was found on the coffee table in the living room, near the sofa on which Rogers had been lying before the execution of the search warrant. The prescription bottle with Rogers' name on it was found on the bedroom nightstand, near the cocaine, drug paraphernalia and cash belonging to Moore. Additionally, when Detective Stutzman attempted once to buy cocaine from Rogers, Rogers told Stutzman the area was "dry"; Rogers later warned Willeford that Stutzman was a "cop", evidencing some knowledge that a sale to Stutzman would be risky. The evidence also demonstrated that Moore trusted Rogers to stay at the apartment and to

---

machinegun, ... to imprisonment for ten years.

18 U.S.C. § 924(c)(1) (1987). As noted in *Henning,* the penalties under that subsection have increased significantly since 1987. If the firearm is a machine gun, the mandatory consecutive sentence for a first-time conviction is twenty years.

sell his cocaine for him in his absence. From all of this evidence, the jury could have reasonably found that Rogers not only knew that cocaine was present in the apartment, but that he had the power and ability to exercise control over the cocaine.

█ Likewise, constructive possession and use of the machine gun and the other firearms can be imputed to Rogers to sustain his convictions under section 924(c). In *United States v. McKinnell*, 888 F.2d 669 (10th Cir.1990), we held that the "use" requirement in section 924(c) is met when the defendant had "ready access" to the firearm, and the firearm "was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." *Id.* at 675 (quoting *United States v. Matra*, 841 F.2d 837, 843 (8th Cir.1988)).

Here, the Jennings .22 handgun was easily accessible to Rogers from its location under the sofa cushions in the living room. The evidence indicated that the other firearms were visible and available. Given the evidence of the compactness of the apartment, the jury reasonably could have found that the other firearms, although located in the hallway closet and the bedroom, were nonetheless accessible to Rogers, should the need for their use arise. From this evidence, and the testimony of one witness that Rogers once answered the apartment's door with a gun in his hand, the jury could have concluded that the machine gun and the other firearms had value to Rogers and Moore for purposes of protection and intimidation, and thus were an integral part of the cocaine-selling operation.

We find that the evidence was sufficient to support the jury's conviction of Rogers on all charged counts, and affirm the trial court's denial of Rogers' motion for acquittal.

### IV.

On June 5, 1989, Rogers filed a motion for the production of witnesses, pursuant to F.R.Cr.P. 17(b), with the trial court. In that motion, Rogers requested subpoenas be issued, at the government's expense, for the production of five witnesses. The trial court granted Rogers' motion as to one of the five witnesses, but denied his motion as to the remaining four witnesses.

Rogers contends here that the trial court erred in denying his motion to produce one of the requested four witnesses. Rogers maintains that that witness, a Sergeant Smith of the Merriam, Kansas Police Department could have given testimony contradicting that given by other police officers as to the location where the Jennings .22 handgun was found during the search of the apartment. According to Rogers, Sergeant Smith would have testified that the gun was found under the cushions of a nearby loveseat, instead of the couch, where Rogers had been lying just before the search. Rogers alleges that the police testimony as to the location of the Jennings handgun was the only evidence to link Rogers to Moore's possession of cocaine, and that Smith could have controverted that testimony.

█ F.R.Cr.P. 17(b) provides that a defendant, in order to secure witnesses at government expense, must show that he is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. However, this rule does not create an absolute right of the defendant to have a witness produced at the government's expense; rather, it is within the court's discretion whether the requested witness is necessary to an adequate defense. *United States v. Julian*, 469 F.2d 371, 374 (10th Cir.1972).

█ We find no abuse of discretion by the trial court in denying Rogers' motion to produce Sergeant Smith. Rogers' motion made only the single assertion that all five requested witnesses were necessary for an adequate defense and made no particularized showing to the trial court as to the need for Sergeant Smith's testimony. Rogers therefore did not carry the burden of making a satisfactory showing of necessity. *United States v. Stoker*, 522 F.2d 576, 578 (10th Cir.1975).

## V.

In conclusion, we VACATE the sentences imposed on the second and fourth counts and REMAND for resentencing under 18 U.S.C. § 924(c)(1) in accordance with this opinion. We AFFIRM as to all other issues.