**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry L. ROGERS,
Defendant–Appellant.**

**No. 89-3217.**

United States Court of Appeals,
Tenth Circuit.

Feb. 12, 1991.

Jill M. Wichlens, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, and Frances Smylie Brown, Asst. Federal Public Defender, with her on the brief), Denver, Colo., for defendant-appellant.

Julie A. Robinson, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with her on the brief), Kansas City, Kan., for plaintiff-appellee.

Before McKAY and BALDOCK, Circuit Judges, and COOK,* District Judge.

H. DALE COOK, District Judge.

Larry L. Rogers petitioned this Court for rehearing on the ground that the Court's opinion, issued on December 19, 1990 (to be reported at 921 F.2d 1089), failed to address an issue which Rogers raised in a *pro se* supplemental brief. Rogers claimed the district court's denial of his severance motion was an abuse of discretion and a violation of his right to a fair trial under the Sixth Amendment. We granted Rogers' petition for rehearing to consider the severance issue which we inadvertently did not address in our previous opinion.

Rogers initially sought to sever only Count 3 of the indictment. However, at a

---

* The Honorable H. Dale Cook, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

hearing before the district court on March 27, 1989, Rogers orally moved for a complete severance of his trial from that of his co-defendant, William J. Moore. Rogers alleged the same grounds for severance in his motion that he alleges here on appeal. Rogers sought to use at trial an affidavit by Moore, purporting to exculpate Rogers, or in the alternative, to offer Moore's exculpatory testimony concerning Rogers' involvement in the charged crimes. Rogers also alleged that the evidence of Moore's alleged cocaine dealing and possession of weapons would be prejudicial to Rogers, thereby denying him a fair trial.

By written order of March 30, 1989, the district court denied Rogers' motion, finding that limiting instructions to the jury could counteract any potential prejudice to Rogers from evidence pertaining to Moore. The district court also recognized that the jury could compartmentalize the evidence as it related to Rogers and Moore in dealing with Count 3 of the indictment, in which Rogers was not named. The district court found Rogers had not met the burden of showing the need for severance.

Rogers then filed a second motion for severance on April 13, 1989, alleging again the necessity for Moore's exculpatory testimony. The district court held a hearing on May 24, 1989 on that motion. In the hearing, counsel for Moore stated that Moore would testify for Rogers if severance were granted, but only if Moore was tried first. Rogers submitted Moore's exculpatory affidavit for the district court's *in camera* review. The district court found the affidavit to be primarily conclusory in nature, and denied Rogers' second motion for severance, finding that Rogers again had not demonstrated a need for severance. *See* R.Supp. VI.

■ In considering this issue, we note that the district court's decision denying a motion for severance will not be disturbed on appeal in the absence of an abuse of discretion. *United States v. Mabry,* 809 F.2d 671, 682 (10th Cir.1987). "Severance is a matter of discretion, not of right, and the defendant bears a heavy burden of demonstrating prejudice to his case." *Id.*

In *United States v. McConnell,* 749 F.2d 1441 (10th Cir.1984), we considered the following factors to be relevant to a severance motion when the defendant claims he needs a co-defendant's testimony: 1) the likelihood that the co-defendant would in fact testify at the movant's severed trial and waive his Fifth Amendment privilege; 2) the significance of the testimony in relation to the defendant's theory of defense; 3) the exculpatory nature and effect of such testimony; 4) the likelihood that the co-defendant's testimony would be impeached; 5) the extent of prejudice caused by the absence of the testimony; 6) the effect of a severance on judicial administration and economy; and 7) the timeliness of the motion. *Id.* at 1445.

■ In applying that analysis here, we question first whether Rogers' motion was timely. Rogers' motions for severance were made before trial as required by F.R. Cr.P. 12(b)(5). However, the timeliness of Rogers' motion was also dependent upon a showing to the district court that Moore was unconditionally willing to testify on Rogers' behalf. *Id.* Moore's willingness to testify for Rogers was conditioned upon Moore's being tried first. *See* R.Supp. VI, p. 8. Our examination of the record finds no unconditional commitment from Moore, prior to trial, to testify for Rogers.

We concede that Moore's affidavit or exculpatory testimony would be significant in supporting Rogers' defense theory that he was merely present at Moore's apartment at the time of the search warrant's execution, and that he had no knowledge of the cocaine or weapons in the apartment. In fact, Moore did testify at the joint trial, and attempted to exculpate Rogers, testifying that Rogers never sold any of Moore's cocaine or handled any weapons while at Moore's apartment. However, Moore's testimony concerning Rogers' involvement was contradicted by several witnesses. Three witnesses testified that whenever they went to Moore's apartment to purchase cocaine, Rogers always would answer the door. These witnesses also testified that they had bought cocaine from Rogers while Moore was away from the

apartment. One of the witnesses testified that Rogers had answered the apartment door with a gun in his hand. Moore's testimony also lacked substance, amounting to little more than his assertion that Rogers had no involvement in the charged crimes.

Finally, we fail to see that a severance would have promoted judicial efficiency or economy in this case. The government would have put on the same witnesses and used the same exhibits in a severed trial for Rogers as it would have used in Moore's trial.

■ Rogers alleges that his joint trial with Moore enabled the government to "exploit" the evidence of Moore's drug-related activities, to Rogers' prejudice.[1] To establish that the district court abused its discretion in not granting a severance, Rogers must show that actual prejudice resulted from the denial. *United States v. Cardall*, 885 F.2d 656, 667–68 (10th Cir.1989).

Rogers' contentions of prejudice are primarily concerned with the negative "spillover" effect that hearing testimony concerning Moore's drug activities would have on the jury. In *Cardall*, we held that a complaint of the "spillover" effect from the evidence that was overwhelming or more damaging against the co-defendant than the movant is insufficient to warrant severance. *Id.* at 668 (quoting *United States v. Hack*, 782 F.2d 862, 870 (10th Cir.1986)).

■ The district court gave limiting instructions and specifically indicated that the jurors must consider individually the charges against each defendant and the evidence pertaining thereto, "leaving out of consideration entirely any evidence admitted solely against the other defendant." R. I, # 69. In *Cardall*, we viewed a virtually identical limiting instruction as proper in preventing prejudice to the moving defendants from evidence introduced against their co-defendants. 885 F.2d at 668.

In conclusion, we find that Rogers failed to carry his burden of demonstrating the need for severance. Our review of the record finds no abuse of discretion by the district court in denying Rogers' motion for severance. We therefore AFFIRM as to this issue.

---

**1.** Rogers also alleges in his supplemental brief that the evidence never directly connected him to the drugs and weapons seized in Moore's apartment during the execution of the search warrant. Rogers raised the same argument on appeal in alleging that the evidence was insuffi-

cient to connect him to the charged crimes. We considered that argument in our previous opinion and found the evidence was sufficient to support Rogers' conviction. We are similarly unpersuaded here in considering that argument in relation to the severance issue.