**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector HERNANDEZ–URISTA,**
**Defendant–Appellant.**

**No. 92–5248.**

United States Court of Appeals,
Tenth Circuit.

Nov. 8, 1993.

---

Before EBEL, SETH and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Hector Hernandez–Urista appeals from his conviction of conspiracy to possess with intent to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). Mr. Hernandez–Urista argues that (1) his Sixth Amendment right to compulsory process was denied when his request for a subpoena pursuant to Fed.R.Crim.P. 17(b) was rejected, and (2) the jury was instructed incorrectly on his defense of public authority. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

## Background

In November 1991, Mr. Hernandez–Urista entered into a Cooperating Individual's Agreement with the El Paso Police Department whereby he would become a paid informant. The police department cooperated with the Drug Enforcement Agency (DEA) to a limited extent. Mr. Hernandez–Urista's contact and "controlling agent" in the police department was Agent Manuel Figueroa. Mr. Hernandez–Urista also came into contact with DEA Agent Gary Hartman, but he reported information about possible drug transactions to Agent Figueroa. If the quantity of drugs interested Agent Figueroa, he would authorize a "sting" transaction. Mr. Hernandez–Urista was paid approximately $8,000 in January 1992 for drug-related information.

In April 1992, Mr. Hernandez–Urista was arrested in Tulsa, Oklahoma for his involvement in a drug trafficking conspiracy. He claimed that he attempted but failed to contact Agent Figueroa prior to his involvement and that he intended to alert the police in the hope of getting paid for the information leading to the arrest of the other members of the conspiracy.

Before trial, Mr. Hernandez–Urista sought to subpoena DEA Agent Hartman. The request for subpoena included proposed questions for the agent. The court denied the request. Mr. Hernandez–Urista also requested a jury instruction that a good faith belief that he was acting with public authority would provide a complete defense to the crime charged. The government opposed such an instruction, arguing that the evidence would not support a reasonable belief required for a valid defense of public authority.

## Discussion

We review the district court's refusal to issue a subpoena pursuant to Rule 17(b) for an abuse of discretion. *United States v. Greschner*, 802 F.2d 373, 378 (10th Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). Whether the defense of public authority requires a reasonable belief, as the jury was instructed in this case, is a legal question which we review de novo. *United States v. Deffenbaugh Indus., Inc.*, 957 F.2d 749, 751 (10th Cir.1992) (citations omitted).

### I. Refusal to Issue Subpoena

Rule 17(b) requires that a subpoena be issued on the condition that a witness'

presence is necessary to the defense.[1] "Necessary" means "relevant, material and useful." *United States v. Gallagher,* 620 F.2d 797, 799 (10th Cir.) (quoting *United States v. Barker,* 553 F.2d 1013, 1020 (6th Cir.1977)), *cert. denied,* 449 U.S. 878, 101 S.Ct. 224, 66 L.Ed.2d 100 (1980). To show necessity, a defendant must demonstrate particularized need. *United States v. Rogers,* 921 F.2d 1089, 1094 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2812, 115 L.Ed.2d 985 (1991). The failure to set forth the expected testimony of a witness is an adequate ground for the denial of a request for a subpoena under Rule 17(b). *United States v. Bloomgren,* 814 F.2d 580, 585 (10th Cir.1987); *see also United States v. Stoker,* 522 F.2d 576, 579 (10th Cir.1975) (upholding district court's denial of subpoena where defendant failed to specify testimony of witness and made request only a few days before scheduled defense). The necessity of a witness' testimony is also undercut where, as in this case, it would be merely cumulative of the testimony of other witnesses. *United States v. Gallagher,* 620 F.2d at 800.

■ Here, Mr. Hernandez–Urista failed to specify the content of the expected testimony. He merely set forth three questions, the answers to which were all given by other witnesses. Although an offer of proof as to the expected testimony was attempted, it came after the close of evidence, was coupled with the admission that defense counsel had no knowledge as to what Agent Hartman would testify and covered an area not precisely alluded to when the subpoena was requested. The district court correctly rejected this offer of proof because it was untimely. *See Nelson v. Nelson,* 171 F.2d 1021, 1021 (D.C.Cir.1948) (per curiam) (no abuse of discretion where trial court disallowed proffer of testimony after close of evidence); *T.J. Stevenson & Co., Inc. v. 81,193 Bags of Flour,* 629 F.2d 338, 384 (5th Cir. 1980). The trial court did not abuse its discretion in denying the request for a subpoena pursuant to Rule 17(b). *See Bloomgren,* 814 F.2d at 585.

1. Fed.R.Crim.P. 17(b) provides:
    [t]he court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of the defendant upon a satisfactory showing that the de-

## II. Jury Instruction

■ Mr. Hernandez–Urista proposed an instruction on public authority. It was based on a pattern good faith defense instruction. *See* Hon. Edward J. Devitt, et al., 1 *Federal Jury Practice and Instructions* § 19.06 (4th ed. 1992). "Good faith" was defined as "a belief or opinion honestly held." I R. doc. 26. The government argued that a defendant's belief or opinion must also be reasonable. The court agreed with the government and so instructed. Mr. Hernandez–Urista contends that the injection of a reasonableness standard into the defense of public authority was error.

Mr. Hernandez–Urista does not contend that he mistakenly believed he was acting with government authority at the time of the drug transaction. Rather, he contends that he mistakenly believed that the government could ratify his acts. This is necessarily a question of law. "A mistake of law ... generally will not excuse the commission of an offense." *United States v. Barker,* 546 F.2d 940, 946 (D.C.Cir.1976); *United States v. Self,* 2 F.3d 1071, 1090 (10th Cir.1993). Although we recognize the existence of a good faith exception to this general rule in tax cases, *Cheek v. United States,* 498 U.S. 192, 202–03, 111 S.Ct. 604, 611, 112 L.Ed.2d 617 (1991); *United States v. Harting,* 879 F.2d 765, 767–68 (10th Cir.1989), we decline the invitation to extend this exception into the area of drug offenses. *See United States v. Hollis,* 971 F.2d 1441, 1451–52 (10th Cir. 1992) (refusing to extend good faith exception to bank fraud); *United States v. Dashney,* 937 F.2d 532, 540 (10th Cir.) (refusing to extend good faith exception for offenses involving failure to report monetary transactions), *cert. denied,* —— U.S. ——, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991).

AFFIRMED.

fendant is financially unable to pay the fees of the witness and that the presence of the witness is *necessary* to an adequate defense. (emphasis added)