UNITED STATES of America,
Plaintiff,

v.

Robert Jess RANKIN and Scot
Bruns, Defendants.

No. CR 04–1497JB.

United States District Court,
D. New Mexico.

May 17, 2005.

David C. Iglesias, United States Attorney for the District of New Mexico, James T. Martin, Assistant United States Attorney, Office of the United States Attorney, Las Cruces, NM, for Plaintiff.

Robert E. Kinney, Federal Public Defender, Las Cruces, NM, for Defendant Robert Jess Rankin.

Jess R Lilley, Lilley Law Offices, Las Cruces, NM, for Defendant Scott Bruns.

## *ORDER*

BROWNING, District Judge.

**THIS MATTER** comes before the Court on the question of whether the Court should grant Defendants Robert Jess Rankin's and Scott Bruns' request to sever their joint trial. Rankin filed his first motion to sever on February 25, 2005. Doc. 26. The Court held a hearing on that matter on April 26, 2005, and, at that hearing, Defendant Scott Bruns joined in Rankin's motion. *See* Transcript of Hearing at 23:12–20 (taken April 26, 2005).[1] The Court denied the motion without prejudice. *See* Transcript of Hearing at 33:4–7 (dated May 12, 2005)(hereinafter, "Transcript, May 12, 2005"); Order, filed May 12, 2005 (Doc. 53). The only showing the Defendants provided to the Court to establish Bruns' likelihood to testify in Rankin's trial was by Bruns' counsel, Jess R. Lilley, who represented to the Court that, if severed, the likelihood of Bruns' testifying would increase. *See* Transcript of Hearing at 23:21—24:4. The Court expressed its concern that the Defendants had not offered any evidence, such as an affidavit, which expressed Bruns' unequivocal or more definite intent to testify, if the motion to sever were granted, at Rankin's trial. *See id.* at 31:11–19. Without objection from the United States, the Court denied the motion without prejudice to enable the Defendants to provide such evidence and, if provided, the Court would look at the issue anew. *See* Order, filed

---

1. The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

May 12, 2005 (Doc. 53). The Court provided the Defendants until May 6, 2005, to file a renewed motion to sever with a supporting affidavit, and allowed the United States an opportunity to respond. *See* Order at 1, filed May 12, 2005 (Doc. 54).

In response to this oral ruling, the Defendants filed an affidavit by Bruns on May 4, 2005, which was within the prescribed deadlines that the Court established. *See* Affidavit of Scott Bruns (dated May 2, 2005) (Docs. 44 & 47) [2](hereinafter, "Bruns Aff."). The United States filed no response. At the May 12, 2005, hearing, the Court noted that the Defendants did not file another motion to sever and instead supplied only Bruns' affidavit. *See* Transcript of Hearing, May 12, 2005 at 75:9–13. Nevertheless, the United States indicated its willingness to proceed and address anew the question whether the Court should sever the trial. *See id.* at 75:14—76:10. Accordingly, the Court heard the renewed request for severance at the May 12, 2005 hearing.

██ "The defendant seeking severance carries the burden of establishing clear prejudice if tried with another defendant." *United States v. Martinez,* 76 F.3d 1145, 1153 (10th Cir.1996). The United States Court of Appeals for the Tenth Circuit has laid out seven factors the court should consider when determining whether to grant a motion to sever:

1) the likelihood that the co-defendant would in fact testify at the movant's severed trial and waive his Fifth Amendment privilege; 2) the significance of the testimony in relation to the defendant's

theory of defense; 3) the exculpatory nature and effect of such testimony; 4) the likelihood that the co-defendant's testimony would be impeached; 5) the extent of prejudice caused by the absence of the testimony; 6) the effect of a severance on judicial administration and economy; 7) the timeliness of the motion.

*Id.* (quoting *United States v. McConnell,* 749 F.2d 1441, 1445 (10th Cir.1984)).

██ In regard to the first factor, the likelihood of the co-defendant testifying at the movant's severed trial, the Tenth Circuit has held: "A defendant can not establish the willingness of a co-defendant to testify on his behalf if the co-defendant's offer is 'further conditioned on the co-defendant's case being tried first.'" *United States v. Espinosa,* 771 F.2d 1382, 1409 (10th Cir.1985)(quoting *United States v. Parodi,* 703 F.2d 768, 779 (4th Cir.1983)). *See United States v. Rogers,* 925 F.2d 1285, 1287 (10th Cir.1991)(finding no abuse of discretion where affidavit failed to show that co-defendant was unconditionally willing to testify on the defendant's behalf). In his affidavit, Bruns asserts: "Although I wish to testify on behalf of the defense in the Rankin trial, I am not able to provide the assurance that I can do so in a joint trial." Bruns Aff. ¶ 6, at 2. Bruns took the stand at the May 12, 2005, hearing and stated that he would testify at Rankin's trial if Bruns was tried first, but could not state what he would do if Rankin were tried first.[3] *See* Transcript, May 12, 2005 at 88:21—89:12. The Tenth Circuit has

---

**2.** Because of a formatting error in the first affidavit filed, the Defendants had to re-submit an amended affidavit on May 12, 2005. *See* Doc. 47. The United States have not objected to the timeliness of the affidavit. Because the original affidavit was filed timely, and the amended affidavit is the same except for correcting the formatting error, the Court will treat the affidavit as timely.

**3.** When asked at the hearing whether he would testify at Rankin's trial if Rankin were tried first, Bruns responded that he did not know. *See* Transcript of Hearing at 89:8–10. Bruns also conceded that his assurances that he would testify at Rankin's trial were predicated on Bruns' being tried before Rankin. *See id.* at 89:11–12.

expressly discouraged granting a severed trial on the condition that the co-defendant is tried before the moving party, *see United States v. Espinosa,* 771 F.2d at 1409, and the Defendants provide the Court no support for the proposition that conditioning the motion to sever on being tried first is a proper condition before the Court. Thus, including such a request does not support the requisite showing that Bruns would testify at Rankin's trial, regardless of who is tried first.

Moreover, even if the Court were to grant the motion to sever with such a condition in mind, the Court is not convinced that Bruns' testimony will provide exculpatory evidence in Rankin's trial. In his affidavit, Bruns maintains: "It is my belief that testimony I could present would be exculpatory to Mr. Rankin." Bruns Aff. ¶ 5, at 2. Bruns does not, however, specify what the nature or content of the exculpatory evidence is. At the May 12, 2005, hearing, the United States asked Bruns on the stand what exculpatory evidence Bruns' testimony would provide. *See* Transcript, May 12, 2005 at 90:4–14. Bruns stated that he would testify that Rankin was not present when the oryx was shot and that Rankin had no knowledge of where the oryx was shot the first time. *See id.* When the United States sought to elicit more facts about the shooting, Bruns' counsel objected, and did not permit Bruns to provide further information to the United States or the Court. *See id.* at 90:19—91:25. Without providing the details of evidence that is allegedly exculpatory, the Court cannot make an informed determination of the "exculpatory nature and effect of [Bruns'] testimony." *United States v. Martinez,* 76 F.3d at 1153.

Moreover, other people will or may establish that Rankin was not present when the oryx was shot. *See, e.g.,* Transcript, May 12, 2005 at 38:8–11. The key exculpatory evidence that Bruns would provide is that Rankin did not encourage an illegal shot. *See id.* at 99:14–18. Bruns' affidavit states: "To [Bruns'] knowledge, Mr. Rankin did not in any way encourage Mr. Bowman to initially shoot this animal, nor was [Rankin] aware that the Oryx had initially been shot until [Bruns] asked [Rankin] to come to the scene." Bruns Aff. ¶ 5 at 2. At the hearing, however, Bruns did not testify that he would provide such information. Instead, he testified that he would testify that Rankin was not present when the oryx was shot and that Rankin did not know the oryx' location when it was shot. *See* Transcript, May 12, 2005 at 90:4–14. When the United States attempted to solicit more details on Bruns' possible testimony, Bruns' attorney objected and prevented any further questioning. *See id.* at 90:19–24. Thus, the viva voce at the hearing does not reflect that Bruns will say at trial what Rankin contends is the most important exculpatory statement. Accordingly, the Defendants have not presented sufficient evidence to establish significant, if any, prejudice if Bruns does not testify in Rankin's trial.

▪ There is a presumption that the Court should try defendants together. *See United States v. Martinez,* 76 F.3d at 1152. It would be more efficient for the Court and the United States to try this case once. The Court has agreed to try this case in Roswell for the convenience of the parties, and economy suggests all involved—Court, lawyers, witnesses, parties, jurors—make the trip only once.[4]

---

4. While Rankin's original motion was timely, it lacked any affidavit. The affidavit was filed fourteen days before trial. Thus, while the Court does not believe the affidavit adequately supports the request for severance, the renewed request, with an affidavit, was made on the eve of trial.

Accordingly, because the Defendants have conditioned Bruns' testimony at Rankin's trial on Bruns being tried before Rankin, and because the Defendants have not demonstrated that Bruns' testimony would be exculpatory, the Court will deny the Defendants' motion to sever.

**IT IS ORDERED** that Defendants Robert Jess Rankin's and Scott Bruns' Motion to Sever is denied.