**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THERESA RENE HIGHT,

    Defendant - Appellant.

No. 24-3074
(D.C. No. 5:21-CR-40090-TC-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

A jury convicted Theresa Hight of several drug crimes, and the district court sentenced her to 240 months in prison. On appeal, she claims her trial was unfair because the district court denied her motion to continue the trial, limited her examination of a law-enforcement witness, and failed to give a jury instruction about the government's destruction of pole-camera footage. She also challenges her sentence.

We reject all four challenges and affirm. Because Hight failed to establish a need for the continuance or that she would suffer prejudice if the continuance were

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

denied, the district court did not abuse its discretion in denying a continuance. Hight has forfeited and waived her challenge to the district court's examination limits; moreover, any error in imposing these limits would have been harmless. Hight has also forfeited and waived her argument about the destruction of pole-camera footage. And we affirm her sentence as not substantively unreasonable.

## Background

In December 2020, law enforcement pulled over Charles Balocca in Topeka and found methamphetamine in his car. To avoid drug charges, Balocca agreed to become a confidential informant. He told law enforcement that Shelli Zarazua and Hight worked together selling methamphetamine, and he conducted two controlled buys from Hight. On both occasions, Balocca went to Hight's address to buy methamphetamine, but Hight didn't have any, so she drove to Zarazua's house and returned with the drugs, which Hight then sold to Balocca. After the controlled buys, law enforcement placed a pole camera outside Hight's residence. The pole camera continuously recorded for about a month; when it ran out of hard-drive space, it would overwrite old footage with new footage.

On March 15, 2021, Balocca texted a sheriff's deputy that a drug courier was at Hight's address making a delivery. The deputy confirmed this tip by reviewing pole-camera footage, which showed that a silver Toyota Matrix with a California license plate had backed into Hight's garage before the garage door was shut. Officers quickly drove to Hight's address and arrested Hight and Zarazua, as well as

Allen Baker, who had a large quantity of methamphetamine, and Annabel Madrigal, who had $50,000.

The government charged Hight, Zarazua, Baker, and Madrigal with conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine. Hight also faced charges for maintaining a drug-involved premises, two counts of distributing methamphetamine, and one count of possessing methamphetamine with intent to distribute.

Before trial, defense counsel received two unsolicited letters from individuals about conversations they'd had with Zarazua. The first came from Jeanette Morrow, who claimed that she'd run into Zarazua at a casino, where Zarazua said that Hight "was totally clueless to what was happening." R. vol. 2, 15. Morrow's letter said she thought it was unfair that Hight "was getting in trouble for something she had no idea about." *Id.* The second came from Danielle Alliston. According to defense counsel, Alliston's letter—which is not included in the record on appeal—reported that she'd spoken to Zarazua while the two were in jail together, and Zarazua told Alliston "that [Zarazua] was lying about what . . . Hight did in this case and that . . . Hight knew nothing about what was going on in Topeka." R. vol. 5, 7. Citing the Alliston letter and explaining that Alliston now refused to talk to him, defense counsel asked the district court to subpoena Alliston as a trial witness for the purpose of impeaching Zarazua with a prior inconsistent statement. The court granted the subpoena.

Trial began on Tuesday, February 6, 2024, and the district court issued a bench warrant for the subpoenaed Alliston on the same day. Balocca testified for the

3

government, explaining that he informed law enforcement about the methamphetamine Hight was receiving in her garage and telling the jury about the two controlled buys. Zarazua, Baker, and Madrigal, who all took pleas, also testified for the government. Zarazua testified that Hight purchased methamphetamine from her and then sold it to others. Zarazua also testified that Hight would store large amounts of methamphetamine in her garage in exchange for methamphetamine. Zarazua confirmed the events of the March 15 delivery described above, explaining that she had coordinated the delivery and that Hight had agreed to let Zarazua use her garage for that delivery.

Baker and Madrigal also testified about the March 15 delivery. Baker explained that Zarazua had asked him to store methamphetamine after it was delivered to Hight's garage, and he'd agreed. So he went to Hight's address; Madrigal showed up and backed into Hight's garage, and he helped unload the methamphetamine from Madrigal's car with Madrigal, Hight, and Zarazua. Baker took a black duffel bag full of methamphetamine from Hight's home, and law enforcement ultimately arrested him with this bag. Madrigal told the same story as Baker, recounting that she had arrived at Hight's address and backed into Hight's garage, where Baker and Zarazua unloaded the drugs from her car while Hight watched.

The government also called an investigator, James Landry, to testify about Balocca's role as a confidential informant, the controlled buys, and the events of March 15. During cross-examination, the defense twice brought up Landry's grand-

4

jury testimony, trying to demonstrate to the jury that Landry had lied to the grand jury. The government objected on both occasions and, during sidebars at the bench, defense counsel explained to the court that Landry told the grand jury Hight had confessed but, according to defense counsel, Hight had done no such thing. Yet both times this issue arose during the government's case, defense counsel either relented or withdrew the question.

The government concluded its case on Thursday afternoon, and Hight moved for acquittal under Federal Rule of Evidence 29. The district court denied that motion, and Hight began presenting her case on Friday morning. But before presenting any evidence, defense counsel alerted the court to a witness problem: two defense witnesses had failed to appear. One was Alliston, who had not responded to the court's previously issued subpoena and had not been arrested pursuant to the previously issued bench warrant. The other was Morrow, who defense counsel had not subpoenaed because he had been unable to locate her. Defense counsel requested a continuance to try to find the witnesses. Counsel said, "I may not be able to find them. If I can, they can and should—based on what they've said—provide material evidence for the defense." R. vol. 4, 708.

The district court denied the continuance, explaining, "I think this case has been going for some time and we have all known what we've needed to do for a long time." *Id.* at 713. The court found that counsel had shown diligence in trying to get the witnesses to appear and testify, but if the witnesses didn't show up, "that is kind of what it is." *Id.*

5

Hight then began presenting her case and eventually called Landry as a witness in an effort to reach his grand-jury testimony. But the government objected to defense counsel's questions about whether Landry concluded that Hight had confessed to the relevant crimes. In a sidebar, defense counsel again emphasized that Hight had never confessed and argued that he wanted to impeach Landry with a prior inconsistent statement. The district court rejected this plan, explaining, "I'm not convinced that it's helpful." *Id.* at 736. Nevertheless, the court allowed the defense to proffer questions outside the jury's presence and explain the admissibility and relevance of Landry's answers. During the proffer, defense counsel questioned Landry about his investigation preceding his grand-jury testimony. Landry explained that although he didn't recall watching Hight's post-arrest interview, he'd concluded that she'd confessed after reading reports and talking to the investigators who'd conducted interviews. The district court ultimately denied the defense's request to examine Landry in the jury's presence, explaining, "I think that it is inappropriate and brings up additional issues that are going to cause confusion to the jury." *Id.* at 751.

At the close of evidence, the district court denied Hight's renewed Rule 29 motion for acquittal. The jury convicted Hight of conspiracy, maintaining a drug-involved premises, and two counts of distributing methamphetamine, but it acquitted her of possession with intent to distribute. The district court denied Hight's post-trial motion for acquittal.

At sentencing, the district court adopted the presentence investigation report and set Hight's sentencing range under the United States Sentencing Guidelines (the Guidelines) at 360 to 960 months in prison. Each of her four convictions carried a 240-month statutory maximum sentence. The government moved for a downward variance and asked the district court to impose a total prison term of 240 months, citing Hight's age and drug-addiction issues. Hight requested a 24-month sentence. The district court ultimately imposed a below-Guidelines sentence of 240 months for each of the four counts, with all counts to run concurrently. Hight's cooperating codefendants received lower sentences: 120 months for Zarazua, 105 months for Baker, and 24 months for Madrigal.

Hight appeals.

### Analysis

Hight raises four issues on appeal. First, she argues that the district court should have granted her a trial continuance to find Alliston, the witness who failed to respond to the subpoena. She then asserts that the district court should have allowed her to examine Landry in the jury's presence about his grand-jury testimony. She next contends that the district court should have instructed the jury about the government's erasure of pole-camera footage. And, finally, she challenges her sentence as unreasonable. We consider each issue in turn.

### I.    Continuance

We begin with Hight's challenge to the district court's denial of her motion to continue the trial. We review that denial for abuse of discretion. *United States v.*

7

*Glaub*, 910 F.3d 1334, 1344 (10th Cir. 2018). We reverse only if the court's ruling was "arbitrary or unreasonable and materially prejudiced the defendant." *Id.* (quoting *United States v. McKneely*, 69 F.3d 1067, 1076–77 (10th Cir. 1995)). The following factors guide our review: (1) "the diligence of the party requesting the continuance"; (2) "the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance"; (3) "the inconvenience [of the continuance] to the opposing party, its witnesses, and the court"; and (4) "the need asserted for the continuance and the harm that appellant might suffer as a result." *United States v. West*, 828 F.2d 1468, 1469–70 (10th Cir. 1987). "The final factor is the most important." *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012). And the defendant carries the burden of proof on these factors. *See United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019) (holding defendant "ha[d] not clearly satisfied" any of the *West* factors).

Hight cannot carry her burden to demonstrate that the district court abused its discretion in denying her a continuance to secure Alliston's presence.[1] The district court found defense counsel diligent based on the subpoena he obtained for Alliston, and we leave that finding undisturbed. We also assume that a continuance would've allowed law enforcement to locate Alliston and execute the bench warrant for her arrest, so a continuance would have satisfied the defense's need for the continuance. The first two factors thus favor Hight.

---

[1] Below, Hight sought a continuance to obtain the presence of both Alliston and Morrow, but she limits her appellate argument to Alliston.

8

Our review of the third factor—inconvenience to the opposing party, witnesses, and the court—reveals that it favors neither side. Hight maintains that she sought a harmless weekend continuance, but her characterization isn't entirely accurate. The trial began on Tuesday, and Hight didn't request a continuance until Friday morning. And, when the continuance was denied, Hight presented evidence and finished her case that same day. So Hight's proposed continuance would have included the remainder of Friday—not just the weekend. As such, the continuance would have resulted in some inconvenience to the court and the jury. Nevertheless, the requested continuance was not significant, and the jury ultimately returned on Monday to continue its deliberations. So we conclude this factor is neutral.

The final and most important factor—the need for the continuance and the potential prejudice if the continuance is denied—favors the government. *See Orr*, 692 F.3d at 1100. To make an adequate showing under this factor, a defendant must identify what "substantial favorable evidence" would have been uncovered if a continuance was granted. *United States v. Rivera*, 900 F.2d 1462, 1476 (10th Cir. 1990). Hight asserts that she needed Alliston because Alliston would have testified "that the government's key witness admitted to lying and would testify falsely." Aplt. Br. 19. But, as the government points out, Hight never made an offer of proof at trial about Alliston's testimony. And Alliston's alleged letter to defense counsel is not in

9

the record.[2] Because we can only speculate about Alliston's testimony, Hight has failed to identify any substantial favorable evidence that she might have offered.

Hight nevertheless argues that the subpoena for Alliston satisfies this fourth factor because the factual basis for the subpoena speaks for itself and the district court found that Alliston was a material witness when it issued the subpoena. This argument misunderstands the governing legal standards. To secure a subpoena for a witness's testimony, Hight had to demonstrate that Alliston's "presence [was] necessary to the defense." *United States v. Hernandez-Urista*, 9 F.3d 82, 83–84 (10th Cir. 1993) (citing Fed. R. Crim. P. 17(b)). "'Necessary' means 'relevant, material[,] and useful.'" *Id.* (quoting *United States v. Gallagher*, 620 F.2d 797, 799 (10th Cir. 1980)). In contrast, to show an abuse of discretion in the denial of a continuance, materiality is not enough; Hight must identify what "substantial favorable evidence" Alliston would have proffered. *Rivera*, 900 F.2d at 1476. Because Hight has not done so, she has failed to shoulder her burden to demonstrate a need for Alliston's testimony.

The fourth factor also contemplates the harm that Hight might suffer from the denial of the continuance. *See West*, 828 F.2d at 1469–70. Here, even assuming Alliston would have testified that Zarazua confessed to lying about Hight's involvement, Hight can't show that the denial of the continuance caused her any harm. Consider the evidence—other than Zarazua's testimony—against Hight for

---

[2] Although Hight's brief purports to cite to Alliston's letter in the record, the letter she points to was written by Morrow.

each count on which the jury convicted her. For the conspiracy charge, Baker and Madrigal testified that Hight was part of the group that handled the March 15 delivery at Hight's address. For the drug-premises charge, law-enforcement agents, Baker, and Madrigal all testified that the group used Hight's garage for the March 15 delivery. And law-enforcement agents testified at length about their investigation, which focused on Zarazua's operation generally and Hight's garage specifically because, as agents suspected and ultimately confirmed, Hight used the garage to unload and disperse narcotics. Further, testimony from Balocca and law enforcement about Balocca's two controlled buys amply supported the two charges for distributing methamphetamine. What's more, all this testimony was supported by audio, video, photo, and physical evidence. So, even if Alliston could have successfully undermined Zarazua's testimony, Alliston's absence didn't prejudice Hight.

In sum, two factors favor Hight, but the fourth and most important factor weighs strongly against her. Under these circumstances, the district court did not abuse its discretion in denying the continuance.

## II.    Limit on Examination

During the defendant's case-in-chief, defense counsel sought to examine law-enforcement investigator Landry about his grand-jury testimony, hoping to prove that he had lied to the grand jury about Hight confessing. But the district court refused to permit this line of questioning, concluding it risked confusing the jury. Hight contends that this was error on several grounds.

11

Preliminarily, the government argues that Hight failed to preserve this challenge. "To preserve an objection to the exclusion of evidence for appeal, the proponent must make an offer of proof at trial, 'first, describing the evidence and what it tends to show and, second, identifying the grounds for admitting the evidence.'" *United States v. Roach*, 896 F.3d 1185, 1191 (10th Cir. 2018) (cleaned up) (quoting *United States v. Adams*, 271 F.3d 1236, 1241 (10th Cir. 2001)).

Here, defense counsel made an offer of proof by questioning Landry about his grand-jury testimony outside the presence of the jury. But after the proffer, defense counsel merely said he "would renew [his] motion to present this in front of the jury"—without citing any grounds for admissibility. R. vol. 4, 751. And given that defense counsel had previously tried and failed to introduce this testimony on cross-examination during the government's case-in-chief, this is not a situation in which "the ground for admitting [the testimony] was 'apparent from the context.'" *Roach*, 896 F.3d at 1191–92 (quoting *Adams*, 271 F.3d at 1241). In light of this failure to present any authority supporting admissibility at the time of the district court's ruling, the government correctly asserts that Hight failed to preserve the arguments she presents on appeal, which challenge the district court's denial under three specific rules of evidence. She likewise forfeited the Confrontation Clause challenge raised for the first time in her opening appellate brief.

Ordinarily, we review forfeited arguments for plain error. *Id.* at 1192. But Hight doesn't argue for plain-error review in her reply brief. In fact, despite the government's strong preservation arguments, she doesn't even address preservation.

12

"When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). We see no reason to depart from our ordinary procedure here.

Moreover, even if we were to conclude that the district court erred in limiting Hight's examination of Landry, we would hold any evidentiary or constitutional errors harmless. *See United States v. McFadden*, 116 F.4th 1069, 1094–95 (10th Cir. 2024) (explaining that nonconstitutional errors are "harmless 'unless a substantial right of a party is affected'" (quoting *United States v. Chavez*, 976 F.3d 1178 (10th Cir. 2020))); *United States v. Lott*, 433 F.3d 718, 721–22 (10th Cir. 2006) (explaining that constitutional errors must be "harmless beyond a reasonable doubt"). As covered above, Balocca, Baker, and Madrigal all testified that Hight sold methamphetamine and allowed Zarazua to use her garage for the March 2021 methamphetamine delivery. And the government proffered audio recordings, video recordings, and pictures to corroborate the witnesses' testimony, including this photo of Hight present at the March 15 delivery, located immediately next to the vehicle:



Supp. R. vol. 1, 1.

Thus, if we were to overlook Hight's forfeiture and waiver, we would hold harmless any evidentiary or confrontation error in refusing to permit defense counsel to question Landry about his grand-jury testimony.

## III.    Pole-Camera Jury Instruction

Hight asserts that the district court erred in failing to instruct the jury about the government's erasure of pole-camera footage. We begin and end our analysis of this issue with preservation.

Recall that the pole camera fed into a hard drive and, when the hard drive was full, the new footage overwrote any existing footage. At trial, in support of its first Rule 29 acquittal motion, the defense cited in part the government's "either intentional or negligent destruction of evidence favorable to the defendant." R. vol. 4,

676. Now, on appeal, Hight claims that the district court erred in failing to instruct the jury about the government's intentional and negligent destruction of evidence. But Hight never asked the district court to instruct on this issue, as defense counsel admitted at oral argument.

Because Hight did not object to the instructions on this basis, we would review for plain error. *See United States v. Hicks*, 116 F.4th 1109, 1114 (10th Cir. 2024). Yet, as the government points out, Hight has failed to argue for plain error. So we follow our ordinary procedure and "deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *Leffler*, 942 F.3d at 1196.

## IV.    Sentence

Hight's final argument asserts that her sentence is unreasonable. We construe this as a substantive-reasonableness challenge.[3] "Substantive review 'involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). We typically review the substantive

---

[3] One could construe Hight's opening brief as asserting a procedural challenge that the district court improperly calculated Hight's sentence. Even if we liberally construed Hight's brief to do so—a practice we generally do not extend to represented parties, *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007)— this challenge would fail because Hight didn't lodge any procedural objections to her sentence below, and she doesn't argue for plain-error review on appeal; so we would deem this issue waived and decline to review it. *Leffler*, 942 F.3d at 1196.

reasonableness of sentences for abuse of discretion. *Id.* at 1214. We presume a below-Guidelines sentence is reasonable, "and the defendant faces a hefty burden to rebut the presumption of reasonableness in this context." *United States v. Carter*, 941 F.3d 954, 961 (10th Cir. 2019).

At the outset, it's necessary to clear up some apparent confusion about Hight's sentence. Recall that the district court sentenced Hight to 240 months on each count, to run concurrently, which was a downward variance from the Guidelines range of 360 to 960 months. Hight nevertheless argues that "[t]he offense for which [she] was convicted carried a maximum sentence of 240 months," so the district court's purported downward variance was no variance at all. Aplt. Br. 22. Hight's position overlooks that the jury convicted Hight of four offenses—each count with its own statutory maximum term of 240 months' imprisonment—and the district court can impose those terms consecutively, for a total of 960 months. 18 U.S.C. § 3584(a) (giving courts discretion to impose multiple terms of imprisonment either concurrently or consecutively). Hight is simply incorrect when she suggests that her statutory maximum sentence was 240 months.

Otherwise, Hight argues that her age, physical health, and mental health warranted a lower sentence. This argument impermissibly asks us to reweigh the § 3553(a) factors concerning Hight's background. *See United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020) ("[R]eweighing the factors is beyond the ambit of our review.").

Hight also points out that she had a small role in the conspiracy, yet her more-culpable codefendants received substantially lower sentences: 120 months for Zarazua, 105 months for Baker, and 24 months for Madrigal. But "disparate sentences are allowed where the disparity is explicable by the facts on the record." *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) (quoting *United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006)). And the record here contains an obvious explanation—Hight's codefendants took plea deals and testified for the government. We have held that "a 'decision to accept responsibility and assist the government does not create an unwarranted disparity.'" *Id.* (quoting *United States v. Haley*, 529 F.3d 1308, 1312 (10th Cir. 2008)). And "a disparity among co[]defendants is justified 'when sentences are dissimilar because of a plea bargain.'" *Id.* (quoting *United States v. Gallegos*, 129 F.3d 1140, 1144 (10th Cir. 1997)). That's exactly what happened here.

In sum, Hight has failed to overcome the presumption that her below-Guidelines sentence is reasonable.

## Conclusion

The district court did not abuse its discretion in denying Hight's request for a continuance to secure Alliston's presence at trial because Hight can't show either that Alliston would have provided substantial favorable evidence or that Alliston's absence prejudiced her. Hight forfeited and waived her challenges to the district court's limitations on her questioning of Landry. And even if we were to reach the merits of the district court's ruling, we would find any evidentiary or constitutional

17

error to be harmless. Hight also waived her pole-camera argument. And she fails to demonstrate that her below-Guidelines sentence is substantively unreasonable. We affirm the district court's judgment.

Entered for the Court


Nancy L. Moritz
Circuit Judge